WILLIAM J. THORNTON ET AL. v. WILLIAM J. COX
HIGHWAY COMMISSIONER

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 76379

Memorandum filed June 4, 1946.

*Alcorn, Bakewell* and *Alcorn,* of Hartford, for the Plaintiff.

*William L. Hadden,* Attorney General and *Bernard A. Kosicki,* Assistant Attorney General for the Defendant.

COMLEY, J.   The fundamental issue in this case is whether the defendant is taking any of the plaintiffs' property without compensation.   If he is, the plaintiffs are entitled to injunctive relief.   *Whitmore* v. *Hartford,* 96 Conn. 511;   *Bennett Estate, Inc.* v. *New Haven,* 117 Conn. 25.

If he is not, the plaintiffs are not entitled to such relief, no matter how inadequate the damages awarded to them may be. Their sole remedy in that situation would be a reassessment of damages upon an appeal to the Superior Court under § 1531 of the General Statutes.

It was held in *Stock* v.*Cox,* 125 Conn. 405, that the construction of a nonaccess highway across a tract of land in such a manner as to isolate a portion thereof completely from access to an existing highway is tantamount to a "confiscation" of the portion thus isolated, and that a condemnation of land for the highway which does not provide damages for such confiscation is illegal.

It was stated by the defendant during the trial and in his brief that since the decision in *Stock* v. *Cox,* supra all condemnation certificates in cases involving complete isolation of a portion of a tract of land through the construction of a nonaccess highway have included a taking of all rights of access "thereto" and "therefrom" (meaning "to" and "from" the land taken for the new highway) and that this, in the opinion of the highway department, constitutes an award of damages for a deprivation of access to and from the "existing' highway, i. e. a highway already in existence before the condemnation, to and from which the owner already had access.   That is the form in which the condemnation certificate in the present case is drawn.   In other words, the certificate on its face purports to condemn the rights of access which the plaintiffs will not have in the future to the proposed Wilbur Cross Parkway and to make compensation therefor, but it says nothing about the rights of access which the plaintiffs have had to and from Adams Street and which they will no longer have when the parkway is built across their land.   It does not seem to me that this is a compliance with the rule laid down in *Stock* v.

*Cox*, supra. Condemnation deals with existing rights, not future rights. The plaintiffs have no rights of access to and from the Wilbur Cross Parkway because that highway is yet to be built. While the defendant may well take into account the fact the plaintiffs will not in the future have access to the parkway, when built, in fixing the amount of the award to the plaintiffs, such future access is not the proper subject of condemnation because it is not a property right now possessed by the plaintiffs. It is the present, existing right of access to and from the existing highway known as Adams Street that must be condemned before the taking of the plaintiff's land can be legally accomplished. It would seem that a compliance with *Stock* v. *Cox*, supra, would require that the defendant either expressly condemn the rights of access to and from Adams Street or that he expressly condemn the tract which is to be isolated by the parkway and thereby "confiscated."

Voluminous testimony was introduced concerning the existence of an outlet on to Tolland Turnpike at the northwest corner of the plaintiffs' tract. If any such outlet exists it is at most 7.68 feet in width, which for all practical purposes is no outlet at all, especially for the kind of vehicles which the plaintiffs use in their sand and gravel business. It is obvious that the defendant recognized this fact in his efforts to obtain from the railroad and from Mr. Wooldridge sufficient land to give the plaintiffs a usable exist to Tolland Turnpike. It is equally obvious that the existence of a narrow outlet at this point, hardly wide enough to accommodate any four-wheeled vehicle and entirely inadequate for the passage of the plaintiffs' trucks, shovels, etc., would not alter the fact that this portion of the plaintiffs' property will be completely isolated when the parkway is built. It is probably true that for many years farm vehicles were driven across the railroad right of way on to Tolland Turnpike but this user has not created any prescriptive rights in the plaintiffs. General Statutes, §.5026.

It is, therefore, my conclusion that, under the first count, the condemnation is defective and illegal because the defendant has failed to provide compensation for the taking of the plaintiffs' right of access to and from Adams Street, which is equivalent to a confiscation of the land in question.

The same situation exists under the second count with reference to the so-called "Fanning" property, except that the access there involved is access to the Hockanum River rather than

to a highway. The proposed parkway will cross the "Fanning" piece and, when built, will block that portion of the property north of the parkway from access to the river. Access to a stream is a property right which cannot be taken without compensation. The defendant does not dispute this but, again, as in the case of Adams Street, he apparently feels that the condemnation certificate makes ample provision for this by including in the taking the rights of access to and from the new parkway not yet built. As pointed out earlier, the defendant does not make compensation for the deprivation of existing rights of access by providing compensation for rights of access that have not yet come into existence. At the time of the condemnation the plaintiffs had access to the Hockanum River from all parts of the "Fanning" property. Once the parkway is built there will be no access to the river from that portion of the "Fanning" property lying north of the parkway. This is a property right and cannot be taken without compensation. There may be much or little to the plaintiffs' claim that this right is of great value. That simply affects the amount of compensation to which the plaintiffs are entitled and does not alter the fact that the defendant is now taking the right without paying anything for it.

For these reasons a temporary injunction shall issue restraining the defendant from proceeding with the construction of the Wilbur Cross Parkway across the lands of the plaintiffs described in the first and second counts until such time as said lands shall have been legally condemned in accordance with this memorandum.