[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiffs applying for a reassessment of damages for the taking by the defendant of the plaintiffs' property for highway purposes in the Town of Windsor, the plaintiffs claiming that the damages are inadequate. The Court had the benefit of appraisal reports and testimony from two expert appraisers, both of whom to some extent reached their conclusions by resort to comparable sales.
The State has taken by condemnation 0.35 of an acre, more or less, together with a dwelling thereon, as more fully described in the complaint. The land or lot is bounded westerly on Riverton Street, 75 feet more or less, and is bounded easterly by the Connecticut River, 75 feet more or less. The premises are in close proximity to the Bissell Bridge which is a part of Interstate Route 291.
The date of the taking was December 6, 1991. CT Page 9799
The evidence revealed that the plaintiff acquired this property in 1988, paying for it the sum of $55,000.00. He thereafter took measures to modernize it and expended sums of money in doing so.
The plaintiffs' appraiser assigns a value of $120,000.00. The defendant's appraiser on the other hand fixes the value at $85,000.00. The two appraisers differ in large measure because of their viewpoint as regards to the Connecticut River. The plaintiffs' expert stated that because the property is in the Flood Hogard Zone, the property is unique in that it has value as a legal non-conforming use. The defendant's expert regards the presence of the River as a negative factor because the property is subject to flooding. Also this expert feels that the presence of the Bridge nearby is a negative factor.
It is true that the flooding by the River is detrimental to the property. However, there is also present the off-setting feature that it lies directly on the River. As such it affords access to boating, fishing and other related features. Accordingly, it is concluded that access to the River is a property right which cannot be taken without compensation. Thornton et al v. Cox,14 Conn. Sup. 140, 143.
Based upon my viewing of the property, and considering all the evidence and my own knowledge of the elements constituting value it is concluded that the damages sustained by the plaintiffs as a result of the taking were $100,000.00.
Judgment may enter for the plaintiffs for the further sum of $15,000.00 in addition to the $85,000.00 which has already been paid, together with interest on said further sum of $15,000.00 at the rate of 8% from the date of taking to the date of payment, together with costs and an allowance of $600.00 as an appraiser's fee.
JOHN M. ALEXANDER STATE TRIAL REFEREE CT Page 9800