## LOUIS VENA *v.* WARDEN, STATE PRISON

KING, C. J., ALCORN, COTTER, THIM and RYAN, JS.

Argued October 13—decided December 21, 1966

*Igor I. Sikorsky, Jr.,* for the appellant (plaintiff).

*David B. Salzman,* assistant state's attorney, with whom, on the brief, were *George R. Tiernan,* state's attorney, and *Richard P. Sperandeo,* assistant state's attorney, for the appellee (defendant).

THIM, J. On July 10, 1964, the plaintiff was convicted of the crimes of burglary and of being a third offender. The plaintiff made no attempt, timely or otherwise, to appeal his conviction.

On May 18, 1965, the plaintiff filed a petition for a writ of habeas corpus. Counsel was appointed to represent him. Practice Book § 472D. On June 21, 1965, an amended petition was filed. This amended petition alleges (1) that trial counsel was forced, over objection, to defend the case with only one day's notice, (2) that the principal evidence admitted at the trial was the product of an illegal search and seizure, and (3) that both the prosecuting attorney and the court commented adversely on the plaintiff's failure to testify.[1] Affixed to the amended petition were "exhibits" which consisted of excerpts from the transcripts of the arraignment proceedings and of the trial. There is no indication in the record before us that the plaintiff sought

---

[1] Although in his amended petition, the constitution is mentioned in juxtaposition to this last claim, we will assume, for the purposes of this appeal, that the plaintiff sufficiently indicated in his amended petition that he was asserting federal constitutional claims.

to avail himself of the right to testify at a hearing on his petition. Rather, he apparently relied entirely on the allegations contained in his amended petition and the supporting exhibits. The trial court, however, never reached the merits of the plaintiff's federal constitutional claims. Rather it dismissed the petition, stating that, since there was nothing in the entire record which would explain why the plaintiff had not filed an appeal to this court, habeas corpus could not be used as a substitute for an appeal.

Our cases have enunciated the general proposition that habeas corpus cannot be used as an alternative to an appeal. *Perell* v. *Warden,* 113 Conn. 339, 344, 155 A. 221; *In re Bion,* 59 Conn. 372, 386, 20 A. 662. In *Wojculewicz* v. *Cummings,* 143 Conn. 624, 628, 124 A.2d 886, however, although we reaffirmed this traditional common-law limitation on the scope of habeas corpus relief, we pointed out that an exception to this limitation should be made when the conviction which gave rise to the challenged detention was obtained in violation of the petitioner's rights under the federal constitution. Id., 629. This exception is in complete harmony with the statutory directive to the court or judge on the habeas corpus proceeding to "dispose of the case as law and justice require." General Statutes § 52-470.

It is for the trial court to determine the circumstances under which a judgment may be attacked collaterally on federal constitutional grounds under General Statutes §§ 52-466—52-470 and whether the petitioner, by having failed to assert these claims in accordance with our rules of procedure, has forfeited his right to raise them in a habeas corpus proceeding. *In re Shipp,* 62 Cal. 2d 547, 554, 399

P.2d 571, cert. denied, 382 U.S. 1012, 86 S. Ct. 623, 15 L. Ed. 2d 528; *Sewell* v. *Warden,* 235 Md. 615, 619, 200 A.2d 648. In making this determination, the trial court has "the obligation to guard, enforce, and protect every right granted or secured by the Constitution of the United States." *Robb* v. *Connolly,* 111 U.S. 624, 637, 4 S. Ct. 544, 28 L. Ed. 542.

The United States Supreme Court has held that, under 28 U.S.C. § 2254 (1964 Ed.), a judgment of conviction by a state court of a defendant in a case involving a federal constitutional claim may be collaterally attacked in a federal habeas corpus proceeding despite the fact that the defendant failed to pursue his claim by state appellate review. *Fay* v. *Noia,* 372 U.S. 391, 435, 83 S. Ct. 822, 9 L. Ed. 2d 837. The court, however, also recognized the authority of a federal judge to deny relief to a prisoner who had deliberately bypassed state procedures. Id., 439.

We are not compelled, of course, to conform our postconviction procedure to that of the federal jurisdiction. *In re Shipp,* supra; *Sewell* v. *Warden,* supra. But we reiterate our adherence to our policy which has allowed federal constitutional claims arising out of state court convictions to be presented and determined in our courts. This policy is supported by *Fay* v. *Noia,* supra, so far as it relates the circumstances under which a prisoner, who has not appealed his conviction, can still have his federal constitutional claims considered on habeas corpus. We hold, therefore, that a petitioner may collaterally raise federal constitutional claims in a habeas corpus proceeding even though he has failed to appeal his federal constitutional claims directly to us if he alleges and proves, by a fair preponderance of the evidence, facts which will

establish that he did not deliberately bypass the orderly procedure of a direct appeal. To be more precise, he must both allege in his petition and prove at the habeas corpus hearing that he did not "after consultation with competent counsel or otherwise, understandingly and knowingly . . . [forego] the privilege of seeking to vindicate his federal claims" by a direct appeal to this court. *Fay* v. *Noia, supra,* 439. The burden of alleging and proving such facts is rightfully on the petitioner. *Nash* v. *United States,* 342 F.2d 366, 368 (5th Cir.). The determination whether a prisoner has deliberately bypassed the orderly procedure of an appeal must be made from the facts in each case. *Fay* v. *Noia, supra,* 440; see *Townsend* v. *Sain,* 372 U.S. 293, 312, 83 S. Ct. 745, 9 L. Ed. 2d 770. Unless such a procedure as that herein laid down is followed, the way is left open for any long-term prisoner deliberately to defer his habeas corpus action until the requisite evidence for a conviction has disappeared, so that, if his habeas corpus is successful, he is necessarily released regardless of the evidence which was originally available to the state to prove his guilt.

In the instant case, since the plaintiff's petition contained no allegation concerning his failure to appeal his conviction and since apparently no attempt was made to offer testimony concerning his failure to appeal, the court correctly disposed of the case without reaching the merits of the plaintiff's federal constitutional claims. Had the petition, however, contained the necessary averment concerning the plaintiff's failure to appeal, and had the plaintiff been able to prove the averment by a fair preponderance of the evidence, it would have been incumbent on the court to decide the merits

of the plaintiff's federal constitutional claims after first determining "the facts and issues of the case, by hearing the testimony and arguments therein, and . . . [by inquiring] fully into the cause of imprisonment." General Statutes § 52-470. The actual scope of the hearing would, of course, depend largely on what occurred during the initial trial of the petitioner. An accused should be afforded a full and fair evidentiary hearing on the merits of his federal constitutional claims either at the time of trial or in a collateral proceeding. *Townsend* v. *Sain,* supra; see 80 Stat. 1105 § (d), 28 U.S.C. § 2254 (d) (1966) (amending 28 U.S.C. § 2254 [1964 Ed.]).

There is no error.

In this opinion the other judges concurred.