JOSE CAJIGAS *v.* WARDEN, CONNECTICUT CORRECTIONAL INSTITUTION, SOMERS

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued June 13—decision released September 4, 1979

*Thomas D. Clifford,* with whom was *Robert L. Wyld,* for the appellant (plaintiff).

*George D. Stoughton,* state's attorney, for the appellee (defendant).

PETERS, J. This is an appeal from the denial by the trial court of a petition for a writ of habeas corpus. The defendant,[1] Jose Cajigas, was indicted and charged, along with two codefendants, with the crime of felony murder in violation of General Statutes § 53a-54c. The indictment was brought in connection with the July 15, 1975, stabbing death of the proprietor of a Hartford paint store during the course of a robbery or attempted robbery. Although the defendant originally pleaded not guilty to the indictment, he later withdrew this plea and, at a hearing on March 24, 1976, substituted a plea of guilty. In response to the court's questions at that hearing, some of which were channeled through an interpreter because of the defendant's limited proficiency in English, the defendant indicated that his plea was voluntary and intelligent, that he had discussed the matter with counsel, and that he fully understood the consequences of his change of plea. The indictment was read to the defendant, and after some further questioning the court then accepted the plea and subsequently sentenced the defendant to a prison term of not less than fifteen years nor more than life. No direct appeal was ever taken.

By petition for writ of habeas corpus dated September 30, 1977, the defendant, through new counsel,

[1] Because the petitioner was the criminal defendant in the underlying case, he will be referred to throughout as the defendant.

collaterally attacked his conviction, alleging that his confinement was illegal because his guilty plea was involuntary, unintelligent, and accepted in violation of the fourteenth amendment to the United States constitution. More specifically, the defendant in his petition alleged that the record failed to show that he had been fully informed of the elements of felony murder, and that the judge had failed to inquire if the defendant was aware of the statutory defense to felony murder contained in General Statutes § 53a-54c.[2] The petition contained no allegation, however, concerning the defendant's failure to appeal from the judgment of conviction. Recognizing that, absent allegation and proof that the defendant did not deliberately bypass the ordinary appeal process, the petition could properly have been dismissed, the trial court nevertheless chose to examine the facts in their entirety. The court concluded that even had there been no deliberate bypass of the direct appeal process, the petition should be denied on its merits.

From the trial court's denial of his petition for a writ of habeas corpus the defendant has appealed to this court. The appeal presents two issues: (1) Should the petition have been denied because of the defendant's failure to allege and prove that no deliberate bypass of the appeal process had occurred? and (2) Was the defendant's guilty plea accepted in violation of due process because the defendant was not fully informed by the court of the elements of felony murder, in particular, of the elements of the underlying crime of robbery, or of the statutory defense to felony murder?

---

[2] A third claim, based on the defendant's beliefs concerning a possible sentence, was withdrawn without prejudice at the habeas corpus proceeding.

Because the first issue is jurisdictional in nature, we must first consider whether this appeal is properly before us. A guilty plea is a waiver both of constitutional rights and of all nonjurisdictional defenses. *Buckley* v. *Warden,* 177 Conn. 538, 542, 418 A.2d 913 (1979); *Consiglio* v. *Warden,* 160 Conn. 151, 166, 276 A.2d 773 (1970). We have repeatedly and emphatically stated that habeas corpus cannot be used as an alternative to a direct appeal. *Blue* v. *Robinson,* 173 Conn. 360, 369, 377 A.2d 1108 (1977); *Vena* v. *Warden,* 154 Conn. 363, 365, 225 A.2d 802 (1966); *Wojculewicz* v. *Cummings,* 143 Conn. 624, 628, 124 A.2d 886 (1956). Where a claim could have been raised on direct appeal, but was not, there is ordinarily "no basis . . . for allowing collateral attack 'to do service for an appeal.' *Sunal* v. *Large,* 332 U.S. 174, 178 [67 S. Ct. 1588, 91 L. Ed. 1982 (1947)]." *United States* v. *Timmreck,* 441 U.S. 780, 784, 99 S. Ct. 2085, 60 L. Ed. 2d 634 (1979). An exception to this rule is made when a conviction has been obtained in violation of rights guaranteed by the United States constitution. *Vena* v. *Warden,* supra. In such a case a defendant "may collaterally raise federal constitutional claims in a habeas corpus proceeding even though he has failed to appeal his federal constitutional claims directly to us *if* he alleges and proves, by a fair preponderance of the evidence, facts which will establish that he did not deliberately bypass the orderly procedure of a direct appeal. To be more precise, *he must both allege in his petition and prove at the habeas corpus hearing* that he did not 'after consultation with competent counsel or otherwise, understandingly and knowingly . . . [forego] the privilege of seeking to vindicate his federal claims' by a direct appeal to this court. *Fay* v. *Noia,* [372

U.S. 391, 439, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963)].
*The burden of alleging and proving such facts is
rightfully on the petitioner. Nash v. United States,*
342 F.2d 366, 368 (5th Cir. [1965])." (Emphasis
added.) *Vena* v. *Warden,* supra, 366–67; *Blue* v.
*Robinson,* supra, 370.

In the present case, the defendant, as the trial
court expressly found, neither alleged nor proved
the absence of a deliberate bypass of the appeal
process. He has offered no reason for his failure
to take a direct appeal, other than the allegation
that the record does not affirmatively indicate that
he was informed of his right to appeal at the time
of sentence. In *Blue* v. *Robinson,* supra, 366, by con-
trast, such a showing was made by the state. Fur-
thermore, the defendant maintains that his collateral
attack is justified because he had no motive to avoid
a direct appeal because, again in contrast to *Blue*
v. *Robinson,* supra, 369, his plea did not result in the
dismissal of other charges. What effect, if any,
should be given to these allegations is precisely the
object of the requirement of an inquiry into the
reasons why a direct appeal was not pursued. *Vena*
v. *Warden,* supra, and *Blue* v. *Robinson,* supra, are
not designed to foreclose habeas corpus proceedings
but rather to provide an orderly process to deter-
mine when a collateral attack is appropriate. As
the Supreme Court of the United States has recently
reiterated, "the concern with finality served by the
limitation on collateral attack [footnote omitted] has
special force with respect to convictions based on
guilty pleas. 'Every inroad on the concept of final-
ity undermines confidence in the integrity of our
procedures; and, by increasing the volume of judi-
cial work, inevitably delays and impairs the orderly
administration of justice. The impact is greatest

when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas. Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.' *United States* v. *Smith,* 440 F.2d 521, 528–529 [(7th Cir. 1971)] (Stevens, J., dissenting)." *United States* v. *Timmreck,* 441 U.S. 780, 784, 99 S. Ct. 2085, 60 L. Ed. 2d 634 (1979).

For these reasons, we must agree with the state that the trial court should have denied the petition for habeas corpus without reaching the merits. *Blue* v. *Robinson,* supra, 369. We therefore express no opinion on whether the trial court was correct in its ruling that the defendant had failed to establish that his plea of guilty was not truly voluntary and intelligent.

There is no error.

In this opinion the other judges concurred.