## DONALD GALLAND *v.* GEORGE BRONSON, WARDEN (13039)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and DUPONT, Js.

Argued May 1—decision released July 7, 1987

*Jon C. Blue,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (petitioner).

*Ronald D. Fasano,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (respondent).

SHEA, J. This is an appeal from the denial by the trial court of a petition for a writ of habeas corpus. The petitioner, Donald Galland,[1] was convicted after a trial to

---

[1] The petitioner was named in the substitute information as David Gethers a/k/a Don Galland. Apparently since that time, the petitioner's name has been legally changed to Donald Galland. See *State* v. *Gethers,* 193 Conn. 526, 527 n.1, 480 A.2d 435 (1984).

a jury of two counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4). The petitioner directly appealed to this court from the judgment of guilty, raising issues that principally related to his election to represent himself at trial. *State* v. *Gethers,* 193 Conn. 526, 480 A.2d 435 (1984).[2] Following the release of this court's decision upholding the judgment below, the petitioner filed his petition for a writ of habeas corpus, alleging that his confinement was illegal because a conviction of two counts of robbery cannot arise from a single bank robbery. Although the state, in its motion to quash, alleged that the petitioner properly should have raised this issue in his direct appeal, the trial court denied the petition on its merits. Because we find error in the court's failure to hold an evidentiary hearing on the issue of whether the petitioner deliberately bypassed our appellate procedure with respect to the claim he now raises collaterally, we do not address the merits of that claim.

The crimes of which the defendant was found guilty arose out of an armed robbery of a New Haven bank on October 1, 1980. The defendant was charged with two counts of robbery in the first degree "by virtue of having robbed two bank tellers at the same bank." *State* v. *Gethers,* supra, 537. In his appeal from the conviction, the defendant wrote his main brief, but received assistance in writing his reply brief from his standby appellate counsel. Both he and his standby counsel participated in the oral argument before this court. Id., 527 n.2.

On September 26, 1984, approximately three months after this court had released its decision in *State* v. *Gethers,* the petitioner filed his pro se petition for a writ of habeas corpus, alleging "two counts of robbery out

[2] *State* v. *Gethers,* 197 Conn. 369, 370, 497 A.2d 408 (1985), a related case, involved the petitioner's appeal from his conviction of tampering with a witness in violation of General Statutes § 53a-151.

of one bank robbery is illegal." In his habeas brief, the petitioner, through counsel, contended that such a conviction violates the double jeopardy clause of the fifth amendment to the United States constitution. In response to question 3b on the petition form, "Did you appeal the issue you claim in this petition and if not, why?" the petitioner stated, "No, I just discovered it." In his brief, the respondent asserts that the "petitioner's real reason for subsequently raising this issue by writ of habeas corpus related to the decision of the sentence review panel which noted that the petitioner's exposure at the time of sentencing was twenty to forty years; an apparent factor in their affirming his sentence. Not only was the panel's decision affixed to appellant's petition and his pro se brief to the habeas court, but petitioner made numerous references to it during discussions with the habeas court."

In this appeal from the denial of the petition,[3] the petitioner claims that the trial court erred in (1) not holding an evidentiary hearing on the merits of his double jeopardy claim, and (2) concluding that a person may be convicted of two counts of robbery where he has taken the bank's money from two tellers. Anticipating the necessity for this court to address the jurisdictional issue of deliberate bypass, the petitioner further asserts that his failure to raise his claim in the direct appeal was not deliberate but resulted from his self-representation, and that, in any event, the issue cannot be resolved without an evidentiary hearing.

---

[3] The trial court filed its memorandum of decision on March 5, 1985, before having received the petitioner's habeas brief. In that memorandum, the court ruled that "multiple counts, arising out of a single incident, [are] proper." Accordingly, ruled the court, "[t]he petition is denied." Subsequently, the court granted the petitioner's oral motion to open the case. After receiving the petitioner's brief on the merits, the court, on June 6, 1985, issued a further memorandum of decision concluding that it would "stand by its previous Memorandum of Decision and dismiss this petition for Habeas Corpus." We note that, because the trial court's determination was based upon the merits, we regard its disposition as a denial of the petition.

Because the issue of deliberate bypass is jurisdictional in nature, we must consider whether this appeal is properly before us. See *Morin* v. *Manson*, 192 Conn. 576, 579–80, 472 A.2d 1278 (1984); *Cajigas* v. *Warden*, 179 Conn. 78, 81, 425 A.2d 571 (1979). Jurisdictional issues must be resolved before a decision on the merits may be rendered. See *Cahill* v. *Board of Education*, 198 Conn. 229, 238, 502 A.2d 410 (1985); *State* v. *Malkowski*, 189 Conn. 101, 104–105, 454 A.2d 275 (1983). Thus, the decision of the trial court not to address the deliberate bypass issue, which the state had raised in its motion to quash, was erroneous. Cf. *Pepe* v. *New Britain*, 203 Conn. 281, 287–88, 524 A.2d 629 (1987); see also Practice Book § 4056. Nevertheless, if this court can properly decide the jurisdictional issue on the record before us, we can then proceed to review the decision of the trial court on the merits.

It is well established that habeas corpus cannot be used as an alternative to a direct appeal. *Cajigas* v. *Warden*, supra; *Blue* v. *Robinson*, 173 Conn. 360, 369, 377 A.2d 1108 (1977); *Vena* v. *Warden*, 154 Conn. 363, 365, 225 A.2d 802 (1966). A petitioner may raise federal constitutional claims in a collateral proceeding, however, if he first alleges and establishes by a preponderance of the evidence that he did not deliberately bypass the orderly procedure of direct appeal. *Fay* v. *Noia*, 372 U.S. 391, 439, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963); *Paulsen* v. *Manson*, 193 Conn. 333, 337, 476 A.2d 1057 (1984); *D'Amico* v. *Manson*, 193 Conn. 144, 146–47, 476 A.2d 543 (1984). "The deliberate bypass rule serves two important functions: (1) it encourages a litigant to have all constitutional claims resolved in a single proceeding economizing the time and resources of all concerned parties and bringing the case to a conclusion; and (2) it prevents a prisoner from deliberately deferring his claims of unlawful confinement until a time when a new trial, if required as a result of the col-

lateral proceeding, would be, for all practical purposes, impossible." *Paulsen* v. *Manson,* supra, 337–38; *State* v. *Rivera,* 196 Conn. 567, 571, 494 A.2d 570 (1985).

We have noted that the apparent harshness of the deliberate bypass rule has been softened somewhat by "requiring that the record before us . . . disclose some reasonable basis for concluding that a convicted person has intelligently, understandingly and voluntarily waived his statutory right to appeal." *D'Amico* v. *Manson,* supra; see *Barlow* v. *Lopes,* 201 Conn. 103, 108, 513 A.2d 132 (1986). Thus, it has been held that a finding of deliberate bypass cannot be made "unless there is an intentional relinquishment or abandonment of a known right or a privilege." *Stubbs* v. *Smith,* 533 F.2d 64, 69 (2d Cir. 1976); see also *Fay* v. *Noia,* supra; *Johnson* v. *Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). The question of whether a petitioner has deliberately bypassed the orderly process of an appeal depends upon the varying facts in each case. See *Fay* v. *Noia,* supra, 440; *McClain* v. *Manson,* 183 Conn. 418, 429, 439 A.2d 430 (1981); *State* v. *Brown,* 157 Conn. 398, 402, 254 A.2d 570 (1969).

Special considerations ordinarily obtain when a petitioner has proceeded pro se. It has been stated that, in such a case, "courts should review habeas petitions with a lenient eye, allowing borderline cases to proceed. . . . The justification for this policy is apparent. If the writ of habeas corpus is to continue to have meaningful purpose, it must be accessible not only to those with a strong legal background or the financial means to retain counsel, but also to the mass of uneducated, unrepresented prisoners." *Williams* v. *Kullman,* 722 F.2d 1048, 1050 (2d Cir. 1983); cf. *Meade* v. *Warden,* 184 Conn. 597, 599, 440 A.2d 246 (1981); see generally note, "Developments in the Law—Federal Habeas Corpus," 83 Harv. L. Rev. 1038, 1173–78 (1970). On the other hand, it is true that the right of

self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law. *Faretta* v. *California,* 422 U.S. 806, 834–35 n.46, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). In the context of the present case, the circumstances surrounding the petitioner's election to represent himself in the direct appeal, while not dispositive, should weigh in the determination of whether he deliberately refrained from raising his double jeopardy claim.

Because the trial court held no evidentiary hearing on the issue of deliberate bypass, the record before us is inadequate to support a disposition of that issue at this time. The respondent asserts that "[a]t all stages of the proceedings petitioner believed he could not be tried for two counts of robbery arising out of the one bank robbery." We cannot assume, however, that the petitioner acquired no new or additional information subsequent to his direct appeal that suggested to him the possible merit of a claim of error on double jeopardy grounds.[4] "If called upon, petitioner may be able to present adequate reasons for not making the allegation earlier, reasons which make it fair and just for the trial court to overlook the delay." *Price* v. *John-*

---

[4] In making his contention, the respondent relies upon the following passage from our decision in *State* v. *Gethers,* 193 Conn. 526, 535, 480 A.2d 435 (1984): "That the defendant possessed 'the intelligence and capacity to appreciate the consequences of the decision to represent himself' is apparent from even a casual reading of the transcript. Both in the trial court and before us he has appeared to be highly articulate, perceptive and quite capable of protecting his interests. It was he and not his counsel who first objected to the state's filing of a substitute information which contained a second robbery count. At the next court session he renewed this objection, pointing out its inconsistency with a written statement of the state's witness which he had examined." From this language it cannot be assumed, however, that the petitioner's objection at trial was not based wholly upon a factual, rather than a legal, ground. The final sentence of the quoted passage, for instance, suggests that the issue may have been whether one or two bank tellers had been robbed.

*ston,* 334 U.S. 266, 291, 68 S. Ct. 1049, 92 L. Ed. 1356 (1948); see also General Statutes § 52-470; Practice Book § 536.

Accordingly, we conclude that the case must be remanded to the habeas court for an evidentiary hearing on the deliberate bypass issue. Until the jurisdictional issue is resolved, we refrain from determining whether the trial court was correct in its ruling on the merits.

There is error, the judgment is set aside and the case is remanded to the habeas court for further proceedings.

In this opinion the other justices concurred.