[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO QUASH
The respondent has filed a motion to quash the present amended writ of habeas corpus dated October 14, 1988 pursuant to Practice Book Sec. 532 on the following grounds:
As to counts one, three and four the petitioner has not alleged that he did not deliberately bypass the claimed grounds in his direct appeals from his convictions. As to Count Two, the petitioner has not alleged deficient performance or prejudice as required under Strickland vs. CT Page 3798 Washington, 466 U.S. 668 and on the further grounds that the petitioner has abused the writ. The Respondent also moves to quash as to counts one, three and four on the grounds that the petitioner has not alleged prejudice from the alleged violations of his constitutional rights and as a matter of law there cannot be prejudice flowing from those alleged violations.
I. FACTS
Petitioner was convicted of a number of crimes in two separate trials resulting from two separate kidnappings and sexual assaults. Each conviction was affirmed on direct appeal. See State v. Anderson, 211 Conn. 18 (1989) and State v. Anderson, 212 Conn. 31 (1989). Two separate petitions for writ of habeas corpus filed on behalf of the petitioner alleging illegal confinement and claiming ineffective assistance of counsel as a result of each of the two separate trials and convictions were decided by this Court under docket numbers 87-080 and 87-105 by memorandum of decision file stamped May 11, 1990 in which this Court concluded that the petitioner had failed to meet either the performance prong or the prejudice prong of Strickland and therefore each petition for writ of habeas corpus was dismissed.
In the present pro se first amended petition for writ of habeas corpus file stamped October 20, 1988 the petitioner claims 1) that he was not advised of his constitutional rights by the judicial authority, 2) that he was denied effective assistance of counsel, 3) that his pleas were made involuntary, and 4) that he was denied equal protection of the law and denied due process of the law.
These claims will be discussed seriatim.
II. THE PETITIONER'S CLAIM THAT HE WAS NOT ADVISED OF HIS CONSTITUTIONAL RIGHTS BY THE JUDICIAL AUTHORITY.
Petitioner claims that the judicial authority before who he entered his pleas of not guilty failed to advise him of his constitutional rights and that the act of pleading not guilty resulted in him making self-incriminating statements.
The short answer to that claim is that a plea of not guilty is not a self-incriminating statement. In addition, the petitioner has failed to allege that he did not bypass the orderly procedure of raising this issue on direct appeal. In D'Amico v. Manson, 193 Conn. 144 (1984) the Court stated the basic rule regarding deliberate bypass as follows: CT Page 3799
 The petitioner must allege and prove in the trial court that there has not been a deliberate bypass of the orderly procedure of a direct appeal of this court . . .
In discussing the deliberate bypass rule, the Court Galland v. Bronson, 204 Conn. 333 (1987) stated that:
 The deliberate bypass rule serves two important functions: (1) it encourages a litigant to have all constitutional claims in a single proceeding economizing the time and resources of all concerned parties and bringing the case to a conclusion; and
 (2) it prevents a prisoner from deliberately deferring his claims of unlawful confinement until a time when a new trial, if required as a result of the collateral proceeding, would be, for all practical purposes, impossible.
In Vena v. Warden, 154 Conn. 363, 365 (1986) where the petitioner failed to allege that there had not been a deliberate bypass of the orderly process of a direct appeal, the result was that:
 Since the plaintiff's petition contained no allegation concerning his failure to appeal his conviction. . . the Court correctly disposed of the case without reaching the merits of the plaintiff's Federal Constitutional Claims.
This Court therefore holds that for the reason that a plea of not guilty is not a "self-incriminating" statement and for the further reason that the petitioner has failed to allege that there has not been a deliberate bypass of the orderly process of a direct appeal, the Motion to Quash Count One is granted.
III. THE PETITIONER'S CLAIM THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
As stated earlier, in docket numbers 87-080 and 87-105 in the Superior Court for the Judicial District of Tolland at Somers the petitioner in two consolidated petitions for writ of habeas corpus alleged ineffective assistance of trial counsel for reasons different from what he now alleges. Those two prior petitions for writ of habeas corpus were dismissed after a full evidentiary hearing. A trial court may dismiss a second application without a hearing if the application asserts the same grounds as a prior application CT Page 3800 and the prior application was a determination on the merits, Negron v. Warden, 180 Conn. 153, 429 A.2d 841 (1980) and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068,10 L.Ed.2d 148 (1983) and Section 531 of the Practice Book.
There are numerous facts under which a petitioner can claim ineffective assistance of trial counsel. While the factual allegations forming the basis of a claim of ineffective assistance of counsel may differ, the grounds remains the same namely the claim that a conviction resulted from ineffective assistance of counsel.
This Court concludes that since the petitioner had a full trial on the merits in docket number 87-080 and 87-105 in the Superior Court of the Judicial District of Tolland at Somers regarding his claims of ineffective assistance of counsel that it would constitute abuse of writ to allow the petitioner to proceed with the present writ that changes the factual allegations but still results in a claim of ineffective assistance of counsel.
Therefore the respondent's motion to quash count II is granted.
IV. THE PETITIONER'S CLAIM THAT HIS PLEAS OF NOT GUILTY WERE MADE INVOLUNTARY.
Petitioner claims that neither his trial counsel nor the judicial authority nor the clerk of the court informed him of what rights and/or privileges he was giving up or waiving by pleading not guilty.
The Short answer to that claim is that he did not give up any rights by pleading not guilty. It is only upon a plea of guilty that the requirement that the plea be intelligent and voluntary arises under cases such as Boykin v. Alabama,395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1907 (1969), McCarthy v. United States, 394 U.S. 459, 22 L.Ed.2d 418,89 S.Ct. 1166 (1969) and State v. Childree, 189 Conn. 114 (1983).
There are no constitutional rights that are waived as a result of a plea of not guilty. In addition the petitioner has failed to allege that there has not been a deliberate bypass of the orderly process of a direct appeal in raising this issue.
Therefore the motion to quash count three is granted.
 V. THE PETITIONER'S CLAIM THAT HE WAS DENIED EQUAL PROTECTION OF THE LAW AND DENIED DUE PROCESS OF THE LAW CT Page 3801
Petitioner alleges in part that he did not knowingly and intelligently waive his right to attack the jurisdiction of the Court over his person and the legality of his arrest warrant. He further alleges that he was never told by anyone that by pleading to the information at the time of arraignment that he was in fact 1) submitting himself to the jurisdiction of the Court and 2) that he was waiving his right to challenge the legality of his arrest. Petitioner therefore concludes that he was denied equal protection of the law and due process of the law because his pleas were brought about by way of fraud, because he was allowed to waive certain rights without first being told what rights he was waiving by pleading.
The Court is not persuaded by any of those arguments. first of all, the petitioner did not waive any constitutional rights under cases such as Boykin, supra., by pleading not guilty. Secondly, the petitioner has failed to allege that there has not been a deliberate bypass of the orderly process of direct appeal in raising this issue. Lastly, by pleading not guilty the petitioner did not submit himself to the jurisdiction of the Court or waive any right to challenge the legality of his arrest since an illegal arrest does not impose a jurisdictional barrier to his subsequent prosecution. In State v. Fleming, 198 Conn. 255, 262-263
(1986), the Court stated in part as follows:
 Nothing in the language of the constitutional provisions themselves sheds any light on the proper relationship between an illegal arrest and a subsequent conviction. Nothing in the constitutional history of this state, as far as we know, illuminates the issue. Courts in other jurisdictions, in decisions that are persuasive even though they are not binding, have followed the federal rule. We therefore conclude that an illegal arrest imposes no jurisdictional barrier to a defendant's subsequent prosecution. . .
It is therefore clear from Fleming, supra, that any alleged illegal arrest would not affect the subsequent prosecution and conviction of the petitioner.
The Court therefore rules that the motion to quash count four is granted.
ORDER
The petition for writ of habeas corpus is quashed in CT Page 3802 total.
AXELROD, J.