[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from allegedly illegal confinement resulting from convictions, after pleas of guilty, to two counts of possession of cocaine with intent to sell, in violation of Connecticut General Statutes Section 21a-277(a), for which the petitioner received a total, effective sentence of twenty years incarceration.
The petitioner was represented by different counsel as to each count which counts were contained in two, distinct files. The petitioner contends that both of his counsel rendered ineffective assistance with respect to his decision to plead guilty to these charges. It should be noted that the amended petition was prepared by the petitioner before his habeas attorney filed his appearance in this case. The amended petitions is divided into four counts, however no argument was presented as to the third and fourth counts, and they are deemed abandoned by the court. Additionally, these counts fail to allege a lack of deliberate bypass of appeal, jurisdictional requirement for such claims, Cajigas v. Warden,179 Conn. 78 (1979), p. 81.
The remaining counts, although inartfully drafted, in substance allege that the petitioner's trial attorneys, Gerald Klein and Wesley Spears, rendered ineffective assistance by inadequately advising the petitioner to plead guilty to the charges noted above; by failing to advise the petitioner he might receive a sentence of confinement up to fifteen years on each count; and that said sentences might run consecutively.
The court finds the following facts. The petitioner was arrested for two incidents occurring in Hartford, only one of which is pertinent to this decision. That matter resulted in the petitioner being charged with possession of three ounces of cocaine with intent to sell by a non-drug-dependent person, in violation of CT Page 9513 Connecticut General Statutes Section 21a-278(b). The petitioner retained Attorney Klein in October 1988 to represent him in these two matters. Shortly thereafter, the petition was again arrested for two more incidents for which he retained Attorney Spears as counsel. One of these matters charged the petitioner with possessing two grams of cocaine with intent to sell by a non-drug-dependent person, again in violation of 21a-278(b).
Eventually, at the request of a prosecutor for G.A. 14, all four cases were transferred to the criminal division of Part A for the Hartford Judicial District. Attorney Klein suggested to the petitioner and Attorney Spears that it might be better if all four cases were handled by one attorney rather than the split representation which then existed, but nothing came of this suggestion.
Both Attorney Klein and Attorney Spears are and were, at the time, experienced, criminal defense lawyers. Both attorneys agreed that the "two gram" case appeared to be secondary in importance to the "three ounce" case, the outcome of which would dictate a probable disposition of the less serious allegation. Also, the two gram case was a "dropsy" case, i.e. the police claimed that the petitioner fled when the police presence became manifest and discarded the purported narcotics while in flight.
Before trial, Attorney Klein engaged in plea negotiation with respect to the three ounce case. This negotiation resulted in an offer by the state to recommend a sentence of fourteen years, suspended after seven years, plus a term of probation if the petitioner pleaded guilty to 21a-278(b), which offense carries with it a maximum sentence of twenty years and a mandatory, nonsuspendable minimum sentence of five years. The petitioner rejected this offer.
On September 7, 1989, jury selection began for the three ounce case and on September 12, 1988, the taking of evidence commenced. After the state's first two witnesses testified, Attorney Klein advised the petitioner that the trial was not proceeding well for the petitioner. He suggested to the petitioner that a change of plea might be in the petitioner's best interest. The trial having begun, the prosecutor declined to negotiate further, but did indicate that, based on a doctor's report, he would change the chief charge from Section 21a-278(b) to Section 21a-277(a), which has a maximum sentence of fifteen years and no mandatory minimum. CT Page 9514
The trial judge allowed the parties to consult with another judge to facilitate a possible disposition. That judge indicated he would probably impose a sentence of fourteen years, suspended after nine years, plus probation on a plea of guilty to Section21a-278(b). The prosecutor agreed that, as an alternative, the petitioner could plead guilty to Section 21a-277(a), before the trial judge, with no recommendation or judicially indicated sentence. Attorney Klein relayed these options to the petitioner, and he recommended that the petitioner accept the latter alternative. Attorney Klein told the petitioner that there was no guarantee as to what sentence the judge would impose, that the judge could impose up to fifteen years incarceration, but that a sentence in the range of three and one-half to six years was most likely. Based on this advice, the petitioner decided to change his plea to guilty to violating Section 21a-277(a) with no recommended or indicated sentence. The petitioner does not question the propriety or competency of this advice in the instant case.
The petitioner also wanted to dispose of the other cases and so informed Attorney Klein. On the petitioner's behalf, Attorney Klein located Attorney Spears, who happened to be in the same courthouse that day. Attorney Spears knew that the petitioner was on trial but had no reason to know that a disposition short of trial was imminent. Attorney Klein and the petitioner met with Attorney Spears and educated him as to the details of the disposition contemplated and the petitioner's desire to dispose of the cases in which Attorney Spears represented him also.
Attorney Spears met with the prosecutor and attempted to convince him to reduce the Section 21a-278(b) charge for this matter to simple possession under Section 21a-279 (a), but the prosecutor would only reduce the chief charge in that case to Section 21a-277(a), as he had in the file handled by Attorney Klein.
Attorney Spears, Attorney Klein, and the petitioner met for about one hour to discuss their course of action (Respondent's Exhibit 1, p. 13). Attorney Spears advised the petitioner that because the quantity involved in the two gram case was comparatively small and because it was a "dropsy" case, it was likely the petitioner would receive a sentence for that case which was concurrent to or would add only a short consecutive term to any sentence he received for the three ounce case. Although Attorney Spears did not have his file for the petitioner's case with him at the time, he was familiar with the information contained therein. CT Page 9515 Attorney Spears advised the petitioner to plead guilty to the reduced charge.
At the habeas hearing, the petitioner testified that during the above conference Attorney Spears never told him that he could receive fifteen years consecutive for the two gram case. He stated that, at the time, he believed that he would receive no additional jail term for that case. Attorney Spears, on the other hand, testified that he did explain to the petitioner that he could receive fifteen years on that case, consecutive to the sentence for the three ounce case. He also told the petitioner that it was likely that the no additional jail term would be imposed. Attorney Klein testified that he did not hear Attorney Spears inform the petitioner regarding this information.
Credibility is for the trier-of-fact to determine. The court finds Attorney Spears's testimony to be credible and supported by other evidence in the case. During the plea canvass the trial judge carefully advised the petitioner, on three, separate occasions, that if the trial judge stated anything that the petitioner misunderstood or was confused about, no matter how minor, the petitioner was to interrupt the judge so that the matter could be clarified (Respondent's Exhibit 1, pp. 8, 9, and 27). At least seven times the trial judge stated to the petitioner that there was no plea agreement as to sentence and that the petitioner could be sentenced to fifteen years on each count for a total, effective sentence of thirty years to serve (Respondent's Exhibit 1 pp. 8, 16, 17, 18, 19, and 29). Each time he was so advised by the trial judge, the petitioner either stated affirmatively that he understood this admonition or voiced no confusion regarding these clear warnings. The court infers that, at the time he entered his guilty pleas, the petitioner was aware that he could receive a total, effective sentence of thirty years incarceration and that one reason for this awareness was Attorney Spear's pre-plea conversation with the petitioner.
On November 14, 1989, the petitioner was sentenced to prison terms of ten years on each count to be served consecutively. On March 19, 1990, he commenced this habeas action.
The petitioner contended, in final argument, that Attorney Klein's representation was competent but for his decision to seek out Attorney Spears and that any ineffectiveness rendered by, Attorney Spears ought to be attributable to Attorney Klein because of this decision. The court disagrees. Attorney Klein's CT Page 9516 performance must be judged by the circumstances which existed at the time of his decision to communicate with Attorney Spears regarding a global disposition of the four cases, and not by the actions or inactions by another attorney regarding a case for which Attorney Klein did not represent the petitioner. That is, Attorney Klein's assistance cannot be found to be incompetent derivatively, but must be scrutinized on its own merits.
 I
Our Supreme Court has adopted the two-pronged Strickland test for claims of ineffective assistance, Ostolaza v. Warden, 26 Conn. App. 758
(1992), p. 761. That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceeding would have been different, Ibid.
As to the first, or deficiency, prong of Strickland, the petitioner must demonstrate that his attorney's representation fell below an objective standard of reasonableness, Johnson v. Commissioner, 218 Conn. 403 (1991), p. 425. This standard of reasonableness is measured by prevailing professional norms, Ibid. In this regard the court notes that it has found that the petitioner, and not Attorney Klein, initiated the proposition of disposing of all four files at that time. No evidence was adduced that attempting to oblige a client's request in this regard fell below prevailing professional standards. It cannot be expected that an attorney, representing a client for one case, will review another attorney's performance in that attorney's representation of the client for another, unrelated matter. The petitioner has failed to meet his burden of proving that Attorney Klein's legal assistance was ineffective.
 II
The petitioner asserts that Attorney Spears rendered ineffective assistance because he made recommendations to the petitioner to plead guilty to violating Section 21a-277(a) without having his file with him and spending too short a time discussing the matter with the petitioner. The court notes, however, that at the habeas hearing the petitioner was unable to point out how the presence of the file or a longer discussion would have altered Attorney Spears recommendation. In addition, the petitioner claims that Attorney Spears omitted informing him of the maximum possible CT Page 9517 sentence, but, as discussed above, the court has found that the petitioner was so informed.
Attorney Spears also explained that, in his expert opinion, it was highly likely that the petitioner would receive little, if any, additional jail time for the offense for which he represented the petitioner. As noted above, the petitioner must establish that Attorney Spear's assistance fell below an objective standard of reasonableness as measured by prevailing professional norms, Ibid. Here, Attorney Spears was familiar with the facts of the petitioner's case and with the sentences typically imposed in the Hartford court for such cases. He was informed as to the proposed disposition of the three ounce case and was aware that the petitioner wished to dispose of all four matters at one proceeding.
No legal expert testified in contradiction to Attorney Spears assessment of the probable sentencing scenario, viz. that the petitioner would receive a prison term for the three ounce case and little or no additional jail time for the two gram case. In fact, Attorney Klein, also very familiar with sentencing practice in the Hartford court, testified that he strongly concurred with this assessment. When the petitioner received two, ten year, consecutive terms, both attorneys were shocked and surprised.
The fact that this assessment turned out to be significantly off the mark does little to detract from the reasonableness of the assessment at the time the prediction was made. A fair evaluation of counsel's performance requires that the habeas court make every effort to eliminate the distorting effects of hindsight, Ibid., p. 427. The court concludes that the petitioner has failed to prove that Attorney Spears rendered ineffective assistance.
For these reasons, the petition is dismissed.
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court