[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The respondent has filed a motion to quash counts two and four of the petitioner's amended petition, dated August 9, 1994. As a basis for this motion as to the second count, the respondent contends that the petition has failed to allege no deliberate bypass of direct appeal and that the issues raised in that count have already been decided against the petitioner on appeal. As to the fourth count, the respondent contends that the petitioner has CT Page 9335 alleged an incorrect legal standard by which the prejudice component of the Strickland test for ineffective assistance claims against appellate counsel is to be measured.
The petitioner was convicted, after a jury trial, of kidnapping first degree, assault first degree, and three counts of sexual assault first degree for which crimes he received a total, effective sentence of fifty years confinement. The judgment of conviction was affirmed on direct appeal State v. Joyner, 225 Conn. 450
(1993).
 I
The second count of the amended petition claims that the prosecutor at the petitioner's criminal trial engaged in misconduct in closing argument and by the introduction of a certain piece of evidence. This count contains no allegation regarding a lack of deliberate bypass of direct appeal.
Habeas corpus proceedings are no substitute for direct appeal. Consequently, it is well established that a habeas petition, attacking the conviction underlying the confinement, must allege
and prove no deliberate bypass of the orderly process of direct appeal, Simms v. Warden, 230 Conn. 608, 617 (1994); Cajigas v.Warden, 179 Conn. 78, 81 (1979). Absent such an allegation, a habeas court lacks subject matter jurisdiction to hear the claim, Id.
 II
The fourth count of the amended petition alleges that the petitioner's appellate counsel rendered ineffective assistance by failing to brief adequately a challenge to the constitutionality of General Statutes § 53a-13(a). This count also states that the petitioner suffered prejudice thereby in that "the outcome of the appeal to the Supreme Court would have been different." This allegation contains no reference to the effect such purported deficiency had on the petitioner's criminal trial.
In Bunkley v. Commissioner, 222 Conn. 444 (1992), our Supreme Court held that the proper measure of the prejudice component of the Strickland standard, where the ineffective assistance of appellate counsel is claimed, is not merely whether there exists a reasonable probability that, but for appellate counsel's errors, the outcome of the appeal would have been different, but also that the outcome of the criminal trial itself, ultimately, would have CT Page 9336 been different; in other words, confidence in the verdict is undermined because of appellate counsel's errors, Id., 459.
For these reasons, the motion to quash is granted. The petitioner has sixty days from the date of this decision to plead over or counts two and four are dismissed.
Sferrazza, J.