[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter, by his second amended petition, petitioner seeks a writ of habeas corpus. The petition sets forth petitioner's claim in two counts: Count one states a claim of ineffective assistance of counsel in violation of his rights under the federal and state constitution. Count two alleges that petitioner's confinement is unlawful in that it is based upon a conviction obtained in violation of his right to due process of law under the state and federal constitutions.
For reasons hereinafter stated, the petition is dismissed.
The gravamen of the petition, which underlines both counts, involves the plea and sentencing which resulted in petitioner's present incarceration.
From the evidence, it is found that on or about June 11, 1999, petitioner was arrested and charged with larceny in the third degree and burglary in the third degree. After his arrest, he was again arrested on a warrant signed on June 2, 1999. The warrant alleges that petitioner had been involved in breaking into a police vehicle and taking a number of weapons and other police or military types of equipment. Under the warrant, petitioner was charged with burglary in the third degree in violation of General Statutes § 53a-103, larceny in the second degree in violation of General Statutes § 53a-123, criminal mischief in the first degree in violation of General Statutes of 53a-115, four counts of theft of a firearm in violation of § 53a-212 and criminal possession of a pistol by a convicted felon in violation of § 53a-217c. CT Page 16422
The warrant affidavit alleges, and the evidence indicates, that petitioner had prior felony convictions which included larceny in the second degree, robbery in the third degree, burglary in the third degree, theft of a firearm, escape and violation of probation. Petitioner was represented throughout the proceedings on these charges in the Superior Court, G.A. 6, by Attorney David Bachman, who had represented petitioner in at least one prior criminal matter. It is Mr. Bachman's representation of petitioner which is claimed to be constitutionally ineffective.
Attorney Bachman met with petitioner on a number of occasions to review the case. Petitioner had given a statement to the New Haven police in which he admitted breaking into the vehicle and stealing the weapons and equipment as alleged in the warrant. The confession and petitioner's extensive criminal record involving similar crimes must have affected how petitioner and his attorney looked at the defense of this case.
The state made an offer to dispose of the matter without trial. This offer was communicated to petitioner by his attorney. The offer involved a plea of guilty to three charges with a total effective sentence of five years followed by three years special parole. This sentence would be served consecutive to the sentence petitioner was then serving and the probationary part of the prior sentence would be terminated.
Petitioner indicated that he would accept the state's offer if the total effective sentence could be reduced by the four-month period which he had been in pretrial confinement. The state agreed to this reduction and it was agreed that petitioner would plead guilty and receive a total effective sentence of 56 months followed by three years special parole. This sentence was to be served consecutive to a sentence which petitioner was then serving.
The matter came before the court (White, J.) for plea on October 7, 1999. The state's attorney brought the case before the court, indicated the charges to which petitioner was to plead and then stated:
 "Recommended to the Court to sentence him to a fifty-month sentence. That sentence to run consecutive to the sentence he's currently serving, to be followed by three years of special parole."[1]
The following colloquy then took place:
"THE COURT: So you're — that's your understanding? CT Page 16423
MR. BACHMAN: That's my understanding, Your Honor."
The state's attorney then proceeded to put petitioner to plea on the charge of theft of a firearm.
The court then interrupted the proceedings and pointed out that theft of a firearm in violation of Connecticut General Statutes § 53a-212
was a class D felony for which the maximum sentence was five years. The court then stated:
"THE COURT: My question to counsel, both state and defense, is you're asking for fifty-six months plus three years of special parole?"
The court then pointed out that the recommended sentence exceeded the maximum sentence which could be imposed for a violation of § 53a-212.
A side bar conference was then held off the record.
Petitioner was then put to plea and entered a plea of guilty to each of the charges as agreed.
After discussion concerning an unrelated subject, the state's attorney put on the record the factual basis relied on by the state for the three charges to which petitioner had pled. The state's attorney then stated:
 "As indicated to the Court, the recommendation to the Court is to sentence the defendant to fifty-six months to serve, plus three years special parole. That sentence is going to run consecutive to the sentence he's currently serving."
After some unrelated discussion between counsel as to the court which imposed the sentence petitioner was then serving the court stated:
 "THE COURT: Okay. Madam Clerk, on the criminal possession of a gun, it's going to be fifty-six months to serve on that. On the count of stealing a firearm, that's one year concurrent plus three years special parole. And on the larceny third count in 95, that's one year concurrent.
 So it'll be a total effective sentence the Court intends to impose is fifty-six months plus three years special parole, and all these sentences are going to run consecutively to any sentence he's now serving."
CT Page 16424 Attorney Bachman then brought up that it had been agreed that the probation period of the sentence which petitioner was then serving would be terminated. This was agreed to by the state and both sides waived a presentence investigation. The court then proceeded to canvass petitioner.
"CANVASS BY THE COURT:
 Q Mr. Nelson, have you had any drugs, alcohol or medicine that would keep you from understanding these proceedings?
A No.
 Q Have you had enough time to speak to an attorney and are you satisfied with his advice?
A Yes.
 Q Based on that talk, do you understand the elements of the offenses charged, the maximum and minimum penalties, and the evidence the state says it has against you?
A Yes.
 Q You understand that by pleading guilty you're giving up your right to a court or a jury trial; you're also giving up your right to confront and cross-examine the witnesses against you; and you're giving up your right against self incrimination?
A Yes.
Q Is anybody forcing you or threatening you to plead guilty?
A No.
 Q Did anybody promise you anything, other than a plea agreement, to get you to plead guilty?
A No.
 Q All right. You're on a New Haven probation which I'm going to terminate when I impose the sentence. Are CT Page 16425 you on any other probations, paroles, or conditional discharges?
A No.
Q Where were you born?
A (Inaudible), New York.
 Q Do you understand that once I accept your pleas, you can't take them back without my permission?
A Yes.
Q You want me to accept your pleas?
A Yes.
Q Are the facts and claims made by the state's attorney correct?
A Yes.
 THE COURT: Does either counsel know of any reason I shouldn't accept these pleas?
MS. WEIDERHOLD: I know of none, Your Honor.
MR. BACHMAN: I know of none.
THE COURT: Both sides waive a PSI?
MR. BACHMAN: Yes.
MS. WEIDERHOLD: Yes, Your Honor.
MR. BACHMAN: That's correct.
 THE COURT: Make a finding that the pleas are made knowingly, intelligently and voluntarily, with assistance of competent counsel. There's an adequate basis for the pleas, pleas of guilty are accepted; findings of guilty may enter. Case is going to be continued until October 25th for imposition of sentence at that time. CT Page 16426
MR. BACHMAN: That's correct.
 THE COURT: I'm going to impose a total effective sentence of fifty-six months, plus three years special parole, to run consecutively to any sentence he's now serving, and I'm going to terminate the probation in file ending 135."
On October 25, 1999, petitioner's case came before Judge White again for sentencing. A different prosecutor represented the state at this time.
The following then took place:
 "MR. DOSKOS: . . . I believe the sentence was as follows; on the — on the criminal possession of a pistol by a convicted felon, 56 months to serve, plus three years special parole, a year to serve concurrent on theft of a firearm. That —
 THE COURT: So, that would be a total effective sentence of 56 months plus three years special parole, a year concurrent on the larceny third in —
MR. DOSKOS: But that's to —
THE COURT: — 985.
 MR. DOSKOS: — all of that is to run consecutive to his present sentence.
THE COURT: Yes.
MR. DOSKOS: And on the larceny third, one year to serve concurrent.
THE COURT: Okay."
There was some discussion on the termination of probation as agreed. Mr. Bachman then stated:
 "MR. BACHMAN: That's — that's correct. It was a — well, it was going to be a future probation.?? CT Page 16427
 After some unrelated discussion, the court started to impose sentence and the
following occurred:
 "THE COURT: Okay. On file ending in 978, charge of theft of a firearm, I find you guilty, a year in jail to serve. Charge of criminal possession of a gun, under 53a-217c, I find you guilty, 56 months in jail to serve, plus three years special parole.
 Mr. Doskos, could you approach the bench, please? Let's pass it. Somehow I think we addressed this last time.
MR. BACHMAN: I thought we had.
 (Whereupon the matter was passed again and recalled later that morning.)"
When the matter again came before the court, Attorney Bachman informed the court that the state had provided him with a proposed restructuring of the plea. He then stated that in light of it, on behalf of his client, he was moving to withdraw the plea. The court then explained that the original agreed recommendation called for a total effective sentence of 56 months plus three years special parole, but the way it was originally structured, it was an illegal sentence. A restructured sentence would be 25 months to serve plus 35 months of special parole for stealing a firearm with 31 months to serve consecutively on the criminal possession of a pistol. This would result in a total effective sentence of 56 months followed by 35 months special parole. It was pointed out that this was a more favorable disposition than the previously agreed sentence. The court determined that since the total effective sentence was more favorable to petitioner than the agreed sentence, there was no reason why he should be allowed to withdraw his plea.
Attorney Bachman and petitioner himself explained that the motion to withdraw the plea was based upon petitioner's perception that the restructured sentence would require him to serve additional time before he was eligible for parole.
The court stated that it was not part of the plea bargain to determine what time credits petitioner would get or how the Department of Correction would calculate his release date. There was further discussion between the court and petitioner, but the motion to withdraw the plea was denied. CT Page 16428
The court then imposed the restructured sentence as follows: on the charge of theft of a firearm, 25 months plus 35 months special parole; criminal possession of a pistol, 31 months consecutive; and on the charge of larceny in the third degree, one year concurrent. The total effective sentence imposed was 56 months to serve followed by 35 months special parole.
 I.
The first count of the second amended petition sets forth a claim of ineffective assistance of counsel. As a defendant in a criminal proceeding, petitioner was "constitutionally entitled to adequate and effective assistance of counsel at all critical stages of the criminal proceeding. Strickland v. Washington, supra, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed. 674 (1984). This right arises under the Sixth andFourteenth amendments to the United States Constitution and Article 1st, § 8 of the Connecticut Constitution." Copas v. Commissioner ofCorrection, 234 Conn. 139, 153 (1995).
The general standard to be applied by habeas courts in determining whether an attorney effectively represented a criminal defendant is set forth in Strickland v. Washington, supra, 466 U.S. 668. "In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice . . . thus, he must establish not only that his counsel's performance was deficient, but as a result thereof, he suffered actual prejudice, namely, that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . In this context, a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different, does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome of the case. . . . Rather, it merely requires the petitioner to establish a probability sufficient to undermine confidence in the outcome. . . .Bunkley v. Commissioner of Correction, 222 Conn. 444, 445-46, 610 A.2d 592
(1992)." Mercer v. Commissioner of Correction, 51 Conn. App. 638, 640-641
(1999).
"In order to succeed in a claim of ineffective assistance of counsel, the petitioner must prove: (1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competence contributed so significantly to his conviction as to have deprived him of a fair trial." Id. CT Page 16429
Only if the petitioner succeeds in this herculean task will he receive a new trial. Denby v. Commissioner of Correction, 66 Conn. App. 809,812-813 (2001).
In paragraphs 13 through 21 of the first count, petitioner has alleged 11 specific ways in which Attorney Bachman's acts and omissions fell below the standard of competence required by law.
Attorney Bachman was experienced in the handling of criminal cases and had represented petitioner on prior occasions. The better evidence indicates that he met with petitioner on at least ten occasions advised him of the elements of the offenses involved, discussed the evidence against him and possible defenses. There was no credible evidence that Attorney Bachman's representation of plaintiff fell below the standard of reasonable professional assistance required by law.
The basic tactical situation facing the attorney and his client was not complicated. Petitioner was charged with a number of serious felony offenses. He had made a detailed confession to the most serious charges. A jury trial under such circumstances did not appear to be in his best interest. With a long criminal record involving similar crimes, petitioner was exposed to a lengthy period of incarceration.
When the state made its recommendation which reduced the number of offenses which would require a guilty plea by the petitioner and required him to serve five years followed by three years of special parole, he agreed so long as he received credit for the four months of pretrial confinement. There is every indication in the record that petitioner voluntarily agreed to plead guilty to these certain offenses and receive a total effective sentence of 56 months followed by three years special parole.
There may have been confusion as to how the sentence would be broken down and the initial sentence as proposed was illegal. However, there was never any doubt about the total effective sentence. Petitioner had discussed this sentence with his lawyer and it was repeated on the record in his presence at least seven times.
Although it was structured differently, the sentence imposed was to the same charges as agreed and differed only from the plea bargain in that the special parole was reduced from 36 months to 35 months.
Because petitioner must satisfy both prongs of the Strickland test to prevail on a habeas corpus petition, the failure to prove prejudice from the alleged errors of counsel is dispositive of the case; Id. Taft v.Commissioner of Correction, 47 Conn. App. 499, 505 (1998). Here, Attorney CT Page 16430 Bachman properly represented petitioner who voluntarily entered guilty pleas to specific charges in anticipation of an agreed total effective sentence. His representation resulted in petitioner receiving this agreed sentence less one month of special parole.
When petitioner attempted to withdraw his plea in the mistaken belief that the restructured sentence would affect his parole eligibility, Attorney Bachman pressed this motion in an appropriate and timely manner. Although the motion was denied by the court, Attorney Bachman presented the motion in such a way as to preserve whatever appellate rights petitioner may have in the matter.
Considering all of the evidence, it must be concluded that petitioner has failed to prove the allegations of ineffective assistance of counsel as claimed in the first count.
 II.
In the second count of the petition, it is alleged that petitioner's incarceration is unlawful in that it is based upon a conviction obtained in violation of his right to due process of law under the state and federal constitution. In support of this claim, it is alleged that the judge accepted petitioner's plea of guilty to the charge of criminal possession of a pistol by a convicted felon in violation of Connecticut General Statutes § 53a-217 without a factual basis on the record and that the judge failed to insure that petitioner's plea was knowing, intelligent and voluntary.
Unlike the allegations of the first count, the issues presented in the second count are appealable issues which could have been brought before an appellate court. State v. Murico, 14 Conn. Sup. 140, 145 (1988); Statev. Ocasio, 253 Conn. 375 (2000); State v. Nelson, 67 Conn. App. 168
(2001).
There is no allegation in the second count as to whether or not petitioner presented the claims stated therein on appeal. There was no evidence presented as to whether or not petitioner appealed the claims of the second count and it must be concluded that the issues raised in the second count were never the subject of an appeal.
"The general proposition that a habeas corpus action cannot be used as an alternative to a direct appeal is well established in Connecticut law. See Cajigas v. Warden, 179 Conn. 78, 81, 425 A.2d 571 (1979); Bluev. Robinson, 173 Conn. 360, 369, 377 A.2d 1108 (1977); Vena v. Warden,154 Conn. 363, 365, 225 A.2d 802 (1966). In Wojculewicz v. Cummings,143 Conn. 624, 628, 124 A.2d 886 (1956), our Supreme Court held that an CT Page 16431 exception to this common law limitation should be made when the conviction which gave rise to the challenged detention was obtained in violation of the petitioner's rights under the federal constitution. The court further modified this exception in Vena v. Warden, supra, by adopting the rationale of the United States Supreme Court in Fay v.Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and holding that "a petitioner may collaterally raise federal constitutional claims in a habeas corpus proceeding even though he has failed to appeal his federal constitutional claims directly to [the court] if he alleges and proves,by a fair preponderance of the evidence, facts which will establish thathe did not deliberately bypass the orderly procedure of a direct appeal." (Emphasis added.) Vena v. Warden, supra, 366-67." Valeriano v. Bronson,12 Conn. App. 385, 387 (1987), aff'd 209 Conn. 75 (1988).
Where, as in this case, there are no allegations concerning petitioner's failure to appeal his conviction and no attempt was made to offer testimony concerning his failure to appeal, the claim must be dismissed. Vena v. Warden, 154 Conn. 363, 367 (1966); Blue v. Robinson,173 Conn. 360, 369 (1977).
Accordingly, the petition must be dismissed.
Purtill, J. Judge Trial Referee