JACK RUSSO *v.* RAYMOND LOPES,
COMMISSIONER OF CORRECTIONS
(4853)

BORDEN, DALY and BIELUCH, Js.

Argued June 9—decision released September 15, 1987

*Elizabeth M. Inkster,* assistant public defender, for the appellant (petitioner).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (respondent).

BORDEN, J. The petitioner appeals from the denial and dismissal of his petition for a writ of habeas corpus. The narrow issue in this appeal is whether the court erred in its conclusion that the petitioner failed to carry his burden of proof on the question of deliberate bypass. We find error.

The petitioner pleaded guilty to an information charging him with the crime of being an accessory to arson in the first degree. General Statutes §§ 53a-8, 53a-111 (a) (2). He filed a petition for a writ of habeas corpus challenging his confinement based on a claim that his guilty plea was not knowingly, intelligently and voluntarily made. After a hearing was held limited to the issue of deliberate bypass, the trial court dismissed the writ on the ground that the petitioner failed to prove that he did not deliberately bypass the orderly process of direct appellate review. The trial court granted the petitioner's request for certification to appeal to this court. General Statutes § 52-470 (b).

A petitioner for a writ of habeas corpus must allege and establish by a preponderance of the evidence that he did not deliberately bypass the orderly procedure of a direct appeal. *Galland* v. *Bronson,* 204 Conn. 330, 333, 527 A.2d 1192 (1987); *Barlow* v. *Lopes,* 201 Conn. 103, 107–108, 513 A.2d 132 (1986); *Paulsen* v. *Manson,* 193 Conn. 333, 337, 476 A.2d 1057 (1984). It has been noted that "the apparent harshness of the deliberate bypass rule has been softened somewhat by 'requiring that the record before us . . . disclose some reasonable basis for concluding that a convicted person has intelligently, understandingly and voluntarily waived his statutory right to appeal.' *D'Amico* v. *Manson,* [193 Conn. 144, 146–47, 476 A.2d 543 (1984)]; see *Barlow* v. *Lopes,* [supra, 108]. Thus, it has been held that a finding of deliberate bypass cannot be made 'unless there is an intentional relinquishment or abandonment of a known right or a privilege.' *Stubbs* v. *Smith,* 533 F.2d

64, 69 (2d Cir. 1976); see also *Fay* v. *Noia,* [372 U.S. 391, 439, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963)]; *Johnson* v. *Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). The question of whether a petitioner has deliberately bypassed the orderly process of appeal depends upon the varying facts in each case." *Galland* v. *Bronson,* supra, 334. The right of appeal should not be considered to have been waived or abandoned except where waiver or abandonment is clearly established. *Barlow* v. *Lopes,* supra, 109.

In order for us to sustain the finding of the habeas court, therefore, the record must affirmatively disclose that the petitioner knowingly, intelligently and voluntarily waived his right to appeal. Id. "When determining whether the waiver of appellate rights [was] valid, the reviewing court should consider the facts and circumstances of the particular case, including the intelligence, background and experience of the petitioner; *McClain* v. *Manson,* [183 Conn. 418, 432, 439 A.2d 430 (1981)]; see *Johnson* v. *Zerbst,* supra, 464; whether he was fully apprised of his right to appeal, and the consequences of the abandonment of that right; *D'Amico* v. *Manson,* supra, 149–50 . . . and whether he was advised concerning the possible merits of an appeal. *Staton* v. *Warden,* [175 Conn. 328, 334–35, 398 A.2d 1176 [1978]; see *Paulsen* v. *Manson,* [supra, 341]." *Barlow* v. *Lopes,* supra, 109–110. We conclude that the evidence is insufficient to support the habeas court's finding of a deliberate bypass.

Transcripts of the original plea and sentencing proceedings were introduced as exhibits in the habeas hearing. The petitioner testified that he had been told by his trial counsel, on the record at the time of his plea, that there was no right of appeal following a guilty plea in Connecticut. He also testified that this was reiterated by the trial court. A review of the original proceedings bears out the petitioner's claim with respect

to the advice from counsel.[1] While the trial court did not, contrary to the petitioner's assertions, advise him that he could not appeal from his guilty plea, its silence in light of his counsel's remarks on the record could nonetheless have been so construed by the petitioner.

The court file of the original proceedings, which was made part of the file of the habeas proceeding, contained several postconviction pro se pieces of correspondence which evince an attempt by the petitioner to perfect an appeal.[2] The habeas court concluded that these

---

[1] The plea proceeding reveals the following colloquy:

"Mr. Meehan [Defense Counsel]: All right. If your Honor please, I think the record should also note that Mr. Jack Russo and I discussed the fact that under Connecticut procedure upon a plea of guilty there is no right of appeal from the ultimate conviction. It was a question, he understands that and I would just like to say that for the record.

"The Court: Yes.

"Mr. Meehan: New York procedure is somewhat different. You can reserve, as I understand, certain claims on appeal despite the plea of guilty but he understands Connecticut does not adopt that type of procedure.

"The Court: So this is the end of the case at this point.

"Mr. Meehan: Yes."

The sentencing proceeding reveals the following statement by defense counsel: "In addition, prior to the entry of his plea and again having received this letter, I informed Mr. Russo that under Connecticut law when one enters a plea of guilty to a charge he waives all claims that he might have including claims of jurisdiction over his person and that Connecticut, unlike the federal system and possibly unlike what he knows to be the system in New York, does not permit one to enter a guilty plea and to reserve the right to appeal certain issues, in particular, to appeal jurisdictional issues."

[2] The correspondence included a letter signed by the petitioner and addressed to the Superior Court of the state of Connecticut, judicial district of Fairfield, file stamped May 7, 1982, which stated: "I swear under oath of perjury that the facts set forth are under the penalty of perjury: on said February 16, 1982, I addressed the county court, Chief Justice Arron Ment [sic]; Chief Clerk's office and the State Attorney's office with timely notice of appeal.

"On said date, February 9, 1982, I was sentenced by Justice Melville to a sentence of five to ten years (5 to 10). At this time I amend notice of appeal and having it notorized for legal said matters, for a later date. If the state of Connecticut requires a docket number please forward one to the address indicated below."

Attached to this letter was a handwritten copy of a purported timely notice of appeal, dated February 16, 1982. It stated: "I petitioner appeal my plea

papers were evidence of the petitioner's knowledge of his right to appeal, an initiation of the appeal process, and a subsequent abandonment of it for unknown reasons. Based on this record, the habeas court concluded that the petitioner had failed to meet his burden of proving by a preponderance of the evidence that he did not deliberately bypass the orderly procedure of direct appellate review.

The only evidence of a deliberate bypass is the petitioner's filing of pro se papers purporting to be an appeal and his subsequent failure to take further steps to perfect an appeal. We conclude that this evidence is insufficient to support a finding of a deliberate bypass.

The record demonstrates that the petitioner possessed both intelligence and experience with the criminal justice system as evidenced by his numerous prior convictions in New York and his appeals therefrom. The petitioner was not, however, familiar with appellate procedure in Connecticut, and in fact labored under the misconception that he could not appeal his guilty plea in this state. Moreover, the record discloses that the petitioner was advised by counsel that he could not appeal from his guilty plea and this inaccurate statement was never corrected by the trial court.[3] The record, therefore, fails to disclose that the petitioner was at any time, fully apprised of his right to appeal. See *Barlow* v. *Lopes*, supra, 109. Despite this misleading

of sentence. I was denied [my] constitutional right by a jury trial on said date 2/9/82 . . . Please see that I have docket No [sic] assign."

[3] The advice given to the petitioner by his attorney, while inaccurate as a general statement of his rights, was not unreasonable within the context of matters being raised at the plea and sentencing proceedings. A review of those proceedings reveals that the petitioner had presented an argument that the court lacked jurisdiction over his person because he was not properly extradited from New York. To the extent that a guilty plea would preclude an appeal on this issue, the defense counsel's advice was accurate.

information, the petitioner did make a pro se effort to file a paper purporting to be an appeal. While this fact supports a conclusion that the petitioner, at some point after sentencing, became aware of his right to appeal, it does not support a conclusion that he was "fully apprised" of such right. Moreover, the petitioner was not apprised of the consequences of abandoning his appeal nor was he advised of the possible merits of the appeal; see id.; prior to allowing it to lapse.

We cannot conclude that the petitioner, who, acting without the benefit of counsel, filed a paper purporting to be an appeal and subsequently allowed that appeal to lapse, can be determined to have deliberately bypassed the orderly process of direct appellate review. Cf. *McClain* v. *Manson,* supra, 430. The fact that a party has proceeded in a pro se capacity on his appeal is to be taken into consideration on the issue of deliberate bypass. "Special considerations ordinarily obtain when a petitioner has proceeded pro se. It has been stated that in such a case, 'courts should review habeas petitions with a lenient eye, allowing borderline cases to proceed. . . .' *Williams* v. *Kullman,* 722 F.2d 1048, 1050 (2d Cir. 1983)." *Galland* v. *Bronson,* supra, 334.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.