## GARRETT SMITH *v.* LEONARD BARBIERI, WARDEN (10865)

DUPONT, C. J., O'CONNELL and LANDAU, JS.

Argued October 5, 1992—decision released January 5, 1993

*Denise Ansell,* with whom, on the brief, was *Joyce Antila Phipps,* for the appellant (petitioner).

*Carolyn K. Longstreth,* assistant state's attorney, with whom were *Marcia Smith,* assistant state's attorney, and, on the brief, *John Connelly,* state's attorney, for the appellee (respondent).

O'CONNELL, J. The petitioner appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus challenging the validity of his guilty plea to a charge of escape in violation of General Statutes § 53a-169 (a) (2).[1] The petitioner claims that (1) the trial court improperly found that his conduct constituted escape, and (2) the commissioner of correction exceeded his statutory authority in promulgating an internal departmental procedure concerning arrest of persons charged with violation of General Statutes § 53a-169 (a) (2).

Because we dispose of the appeal on the issue of deliberate bypass, we do not address the merits of the petitioner's claims.

The genesis of this appeal is the petitioner's arrest for escape while he was on supervised home release. As part of a plea agreement, the petitioner pleaded guilty to the escape charge in addition to one count of assault and one count of larceny, both arising out of unrelated crimes. In exchange, the state nolled two additional charges.

Almost immediately after his plea, the petitioner adopted the position that failing to report to his parole officer for more than two months, together with changing his residence without notifying his parole officer of his whereabouts, did not constitute escape. The petitioner, however, made no effort to withdraw his guilty plea or to take an appeal. Instead, by petition dated nine days after the plea, he brought this habeas corpus action.

---

[1] General Statutes § 53a-169 (a) provides in relevant part: "A person is guilty of escape in the first degree . . . (2) if he escapes from any public or private, nonprofit halfway house, group home or mental health facility or community residence to which he was transferred pursuant to subsection (e) of section 18-100 or from his abode to which he was released pursuant to subsection (f) of section 18-100 and he is in the custody of the commissioner of correction or is required to be returned to the custody of said commissioner upon his release from such facility . . . ."

The habeas hearing transcript discloses that the state repeatedly offered to agree to the withdrawal of the petitioner's guilty pleas to all of the charges including the escape charge. The state's offer contemplated voiding the entire plea agreement and proceeding to trial on all of the charges. Following consultation with his attorney, the petitioner declined the offer. The petitioner took the position that despite the state's willingness to start over with not guilty pleas, he preferred to go forward with the habeas corpus action in order to get a ruling on the question of whether his conduct came within either the common law or the statutory definition of escape.

These circumstances raise a serious question of whether the petitioner has deliberately bypassed a direct appeal. The general rule is that a petitioner must allege and prove that he did not deliberately bypass the ordinary appeal process. A petitioner's failure to do so will result in denial of the petition. *Cajigas* v. *Warden,* 179 Conn. 78, 425 A.2d 571 (1979); *Blue* v. *Robinson,* 173 Conn. 360, 369–71, 377 A.2d 1108 (1977); *Vena* v. *Warden,* 154 Conn. 363, 366–68, 225 A.2d 802 (1966).

Our review of the petition and the hearing transcript in the present case discloses that the petitioner did not, as required, either allege or establish "by a preponderance of the evidence that he did not deliberately bypass the orderly procedure of a direct appeal." *Russo* v. *Lopes,* 12 Conn. App. 343, 344, 530 A.2d 667 (1987). It is well recognized that a habeas court must address deliberate bypass, as a predicate to habeas relief, to ensure that the writ of habeas corpus is not used as an alternative to a direct appeal. *Payne* v. *Robinson,* 207 Conn. 565, 568, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988). The issue of deliberate bypass is one that is jurisdictional in nature; *Galland* v. *Bronson,* 204 Conn. 330, 333, 527 A.2d 1192 (1987); see also *Valeriano* v. *Bronson,* 209

Conn. 75, 79 n.5, 546 A.2d 1380 (1988); and, thus, presents a threshold question that must be resolved before we can consider the case on the merits.

We recognize that the strict bypass rule has been relaxed where a claim of ineffective assistance of counsel is involved. See *State* v. *Leecan,* 198 Conn. 517, 541, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986). This relaxation, however, is limited to cases in which the *sole* claim for relief from a criminal conviction is a claim of ineffective assistance of counsel. *State* v. *Rivera,* 196 Conn. 567, 571, 494 A.2d 570 (1985). The *Rivera* court declined to address the issue of whether the deliberate bypass rule should be relaxed where the ineffective assistance of counsel is not the sole issue. The court did speculate, however, that "[w]hen the claim of inadequate counsel is joined with other substantive and procedural claims of error, it is often difficult to make a judgment about the extent to which inadequate counsel has implicated the outcome of the criminal conviction. For that reason, it will ordinarily be necessary to await exhaustion of the direct appeal before the claim of ineffective assistance can be pursued on a petition for habeas corpus." Id., 571 n.1.

The observation of the *Rivera* court is singularly applicable to the present case. Here, the first count is based on the petitioner's argument that, construing in his favor *State* v. *Lubus,* 216 Conn. 402, 581 A.2d 1045 (1990), there was no factual basis for his guilty plea. The gravamen of the second count is that the petitioner's counsel was ineffective because he did not handle the case in accordance with the petitioner's interpretation of *Lubus.*[2] Obviously, there can be no ineffective assistance of counsel determination until

---

[2] The ineffective assistance of counsel claim was dismissed by the habeas court. The petitioner has not appealed that ruling.

there is a resolution of the legal question of the meaning of *Lubus,* which is a proper subject for direct appeal.[3]

We conclude that the petitioner did not satisfy the threshold question of proving that the habeas corpus action is not a deliberate bypass of a direct appeal and, therefore, the habeas court should not have heard the petition on its merits.

The judgment denying the petition is reversed and the case is remanded with direction to render judgment dismissing the petition.

In this opinion the other judges concurred.

---

[3] Compare *Tyson* v. *Warden,* 24 Conn. App. 729, 591 A.2d 817 (1991), wherein we agreed to address a petitioner's straightforward ineffective assistance of counsel claim as well as a challenge to his *Alford* plea. In that case, we reasoned that there was no deliberate bypass because each claim implicated an ineffective assistance of counsel claim. Here, however, no such interrelationship exists.