[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. FACTS
On October 28, 1991, the petitioner, Andre R. Jeudy, pled guilty under the Alford Doctrine to three counts of the sale of narcotics, General Statutes § 21a-277a, and one count of assault against an officer, General Statutes § 53a-167a(c). The petitioner was sentenced on the drug sales to ten years for each count, sentences to run concurrent. The petitioner was sentenced for the assault charge to ten years also to run concurrent with the drug charges. CT Page 6965
On March 17, 1995, the petitioner filed his pro se petition for habeas corpus in this court alleging that his attorney did not advise him of immigration consequences of his plea and that he was under duress following discussions with a Fairfield Police Detective regarding the petitioner's co-operation with authorities. On April 7, 1995, the habeas court (Sferrazza, J.), appointed the Office of the Chief Public Defender on behalf of the petitioner.
The public defender, Todd Edgington, has concluded that there is no non frivolous argument in support of the petitioner's claim. Consequently, the public defender has filed a motion and supporting memorandum to withdraw, requesting that the court withdraw the appearance of all public defenders.
II. DISCUSSION
The right to appointed counsel is available only where there is a non frivolous claim. Anders v. California, 386 U.S. 738,744-45 (1967); State v. Pasucci, 161 Conn. 382, 385, 288 A.2d 408
(1971); Practice Book section 952. "If [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California,
supra, 386 U.S. 744-45; State v. Pasucci, supra, 161 Conn. 385; Practice Book section 952. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . ." Anders v. California,
supra, 744-45; State v. Pasucci, supra, 385. The court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Anders v.California, supra, 744-45; State v. Pasucci, supra, 386.
If the court finds any of the legal points arguable on the merits, and, therefore, not frivolous, the court must afford the indigent the assistance of counsel. Anders v. California, supra, 744; See also State v. Pasucci, supra, 387 (adopting Anders
requirements).
It is well established that habeas corpus cannot be used as an alternative to a direct appeal. Payne v. Robinson, 207 Conn. 565,569, 541 A.2d 504 (1988); Galland v. Bronson, 204 Conn. 330,333, 527 A.2d 1192 (1987); Smith v. Barbieri, 29 Conn. App. 817,819, 618 A.2d 567 (1993). "[H]abeas review of constitutional CT Page 6966 claims never raised in the trial court, in violation of [the] rules of practice, would thrust too great a burden on [the] criminal justice system." Johnson v. Commissioner, 218 Conn. 403,417, 589 A.2d 1214 (1991).
To determine the reviewability of habeas claims not properly pursued on direct appeal, Connecticut applies the cause and prejudice standard articulated in Wainwright v. Sykes, 433 U.S. 72
(1977). The cause and prejudice standard requires the petitioner to make a showing of cause for the defendant's failure to raise his claim at the proper time at trial or on direct appeal and to make a showing of actual prejudice. Jackson v.Commissioner of Correction, 227 Conn. 124, 131-32, 629 A.2d 413
(1993).
A. Advisement of Immigration Consequences of a Plea
The petitioner claims that his attorney failed to advise him of any immigration consequences concerning his guilty plea. The public defender states that the petitioner indicated that his trial counsel did advise him of the consequences. Furthermore, the public defender points out that the court advised the petitioner of the consequences of a guilty plea on his immigration status.
The record indicates that the petitioner was informed by the court of possible immigration consequences. (Transcript of October 28, 1991, p. 11). Specifically, the court informed the petitioner of the possibility of deportation, excluding the petitioner from the United States or the denial of naturalization. Id. The petitioner acknowledged during the court's canvass that he understood the possible consequences of his guilty plea, on his immigration status. Id. Therefore, the public defender's argument, that no non-frivolous claim exists with regard to the advisement of the petitioner of the possible immigration consequences of his guilty plea, is supported by the evidence.
B. The plea was made Under Duress
The petitioner also alleges that he made his guilty plea under duress because he was being threatened by a Fairfield Police detective. The public defender argues that the court canvassed the petitioner regarding his plea and was satisfied that the petitioner was making his plea both voluntarily and CT Page 6967 intelligently.
Due process requires that a plea be entered voluntarily and intelligently. Boykin v. Alabama, 395 U.S. 238, 243 n. 5 (1969). "Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." Id. "The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from the plea agreement." Practice Book § 712. Where the trial court makes an unambiguous finding that the plea was voluntary after canvassing the defendant, due process has not been violated. Parker v. NorthCarolina, 397 U.S. 790, 794 n. 3 (1970).
The record is absent of any mention of a threat made against the petitioner. Additionally, there is no indication that the petitioner ever informed his counsel that his plea was involuntary because of the alleged threats. At the time of the plea the court asked the petitioner whether he was pleading ". . . guilty under the Alford doctrine freely and voluntarily today and not as a result of any threats or promises in any way." (Transcript of October 28, 1991, p. 5). The petitioner responded affirmatively that he was pleading without the influence of any threats. Id. Therefore, the petitioner's claim that he pled guilty under duress of threats is not supported by the record.
III. CONCLUSION
The public defender's motion to withdraw as counsel is GRANTED.
Further, the Court dismisses petitioner's Writ of Habeas Corpus, since there are no non-frivolous issues to be litigated. Practice Book § 529 U.
SO ORDERED,
HON. JONATHAN J. KAPLAN ADMINISTRATIVE JUDGE TOLLAND JUDICIAL DISTRICT CT Page 6968