[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. FACTS
The State of Connecticut charged the petitioner, Robert Haynes, with: one count of the sale of cocaine, in violation of General Statutes § 21a-277(a); two counts of possession of narcotics, in violation of General Statutes § 21a-279(a), and; one count of attempted larceny, 4th degree, in violation of General Statutes § 53a-49 and § 53a-125. On October 8, 1992, the petitioner pled nolo contendere to all charges before the court (Purtill, J.).
On November 25, 1992, the petitioner additionally pled guilty at his sentencing to possession of marijuana, in violation of General Statutes § 21a-279(c), and larceny, 3rd degree, in violation of General Statutes § 53a-124. The petitioner was represented by a special public defender, William T. Koch, Jr., during the October 8 and November 25 hearings.
On December 11, 1992, the petitioner filed his pro se
petition for habeas corpus in this court alleging: his counsel conspired with the prosecutor to withhold evidence and force him to plea; his attorney did not zealously represent the petitioner due to a pending judgeship; the petitioner was threatened through his counsel to plea or face more time, and; the petitioner was selectively prosecuted and subjected to prosecutorial misconduct and vindictiveness. On December 23, 1992, the habeas court (Klaczak, J.), appointed the Office of the Chief Public Defender on behalf of the petitioner.
The public defender has concluded that there is no non frivolous argument in support of the petitioner's claim. Consequently, the public defender has filed a motion and supporting memorandum to withdraw, requesting that the court withdraw the appearance of all public defenders.
II. DISCUSSION
The right to appointed counsel is available only where there is a non frivolous claim. Anders v. California, 386 U.S. 738, CT Page 6975 744-45 (1967); State v. Pasucci, 161 Conn. 382, 385, 288 A.2d 408
(1971); Practice Book section 952. "If [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California,
supra, 386 U.S. 744-45; State v. Pasucci, supra, 161 Conn. 385; Practice Book section 952. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . ." Anders v. California,
supra, 744-45; State v. Pasucci, supra, 385. The court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Anders v.California, supra, 744-45; State v. Pasucci, supra, 386.
If the court finds any of the legal points arguable on the merits, and, therefore, not frivolous, the court must afford the indigent the assistance of counsel. Anders v. California, supra, 744; See also State v. Pasucci, supra, 387 (adopting Anders requirements).
It is well established that habeas corpus cannot be used as an alternative to a direct appeal. Payne v. Robinson, 207 Conn. 565,569, 541 A.2d 504 (1988); Galland v. Bronson, 204 Conn. 330,333, 527 A.2d 1192 (1987); Smith v. Barbieri, 29 Conn. App. 817,819, 618 A.2d 567 (1993). "[H]abeas review of constitutional claims never raised in the trial court, in violation of [the] rules of practice, would thrust too great a burden on [the] criminal justice system." Johnson v. Commissioner, 218 Conn. 403,417, 589 A.2d 1214 (1991).
To determine the reviewability of habeas claims not properly pursued on direct appeal, Connecticut applies the cause and prejudice standard articulated in Wainwright v. Sykes, 433 U.S. 72
(1977). The cause and prejudice standard requires the petitioner to make a showing of cause for the defendant's failure to raise his claim at the proper time at trial or on direct appeal and to make a showing of actual prejudice. Jackson v.Commissioner of Correction, 227 Conn. 124, 131-32, 629 A.2d 413
(1993).
A. Conspiracy Claims
The petitioner argues that his counsel conspired with the prosecutor to withhold evidence and force him to plea. The public defender argues, because the petitioner has not offered any facts CT Page 6976 to support his claim, there is no non-frivolous argument that can be made.
The right to counsel is the right to the effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970). The petitioner was interviewed on October 19, 1993. The petitioner was unable to substantiate his conspiracy claim with any facts. Additionally, the petitioner and his assigned public defender met on May 1, 1995. Again, the petitioner failed to offer any facts to support his claim. Furthermore, a review of the record does not indicate any evidence of a conspiracy. The petitioner has failed to meet the cause and prejudice standard of reviewability of habeas claims. Therefore, the petitioner's claim is not a non-frivolous claim.
B. Representation Claim
The petitioner also argues that his attorney did not zealously represent the petitioner due to a pending judgeship. The public defender asserts that there exists no evidence that the trial counsel had a pending judgeship, and therefore, the petitioner's claim is not non-frivolous. However, the mettle of the petitioner's claim is not the pending judgeship, but that trial counsel did not zealously represent the petitioner in other words, the petitioner received ineffective assistance of counsel.
"The right to the effective assistance of counsel is firmly grounded in the mandates of the sixth amendment to the United States constitution, the fourteenth amendment to the United States constitution, and article first, section 8, of the Connecticut constitution. The right to counsel is the right to effective assistance of counsel. . . ." (Citations omitted.)State v. Mason, 186 Conn. 574, 577, 442 A.2d 1335 (1982). The right to counsel, however, is the right to effective assistance and not the right to perfect representation. Commissioner ofCorrection v. Rodriguez, 222 Conn. 469, 478, 610 A.2d 631 (1992).
The Connecticut Supreme Court has adopted the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984) to evaluate ineffective assistance of counsel claims. Copas v.Commissioner of Correction, 234 Conn. 139, 154, 662 A.2d 718
(1995); Ostolaza v. Warden, 26 Conn. App. 758, 761, 603 A.2d 768
(1992).
The test requires that the petitioner demonstrate, by a CT Page 6977 preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Strickland v.Washington, 466 U.S. 668, 694 (1984); Phillips v. Warden,220 Conn. 112, 132, 595 A.2d 1356 (1992). "Unless a [petitioner] makes both showings, it cannot be said that the conviction. . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted). Fairv. Warden, 211 Conn. 398, 402, 559 A.2d 1094 (1989) quotingStrickland v. Washington, supra, 466 U.S. 687.
The petitioner has the burden of identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland v. Washington,
supra, 690; Ouintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964
(1991). The court must then determine, whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."Strickland v. Washington, supra, 690; Fair v. Warden, 211 Conn. 398,402-03, 559 A.2d 1094 (1989); State v. Talton, 197 Conn. 280,297, 97 A.2d 35 (1985). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[1] Strickland v.Washington, supra, 689; Ouintana v. Warden, 220 Conn. 1, 5,593 A.2d 964 (1991).
In this case, the petitioner has failed in his threshold burden to identify any evidence that his trial counsel failed to zealously represent him. As the public defender asserts, the petitioner's appointed counsel is a probate judge for Lyme, Connecticut. The probate judgeship is an elected position. However, there is no evidence in the record that the trial counsel's election campaign interfered with his representation of the petitioner.
In fact, the petitioner's trial counsel prepared specific motions in preparation of the petitioner's defense. These motions included a motion to test seized items, a motion to dismiss, a motion to preserve samples and a motion to compel disclosure of exculpatory information. The petitioner's counsel also had the petitioner evaluated for drug dependency. The evaluation found the petitioner drug-dependent and recommended treatment in an in-patient setting. Additionally, the toxicology reports were CT Page 6978 positive for cocaine.
Therefore, the petitioner's claim of ineffective assistance fails in the threshold question of demonstrating the instances where his counsel's representation was lacking. There is no evidence in the record, and the plaintiff has not offered any evidence of his trial counsel's representation being anything short of the representation demanded by Strickland v. Washington,466 U.S. 668 (1984).
C. Claims of Threats of Harsher Sentencing after Conviction
The petitioner claims that he was threatened through his counsel to plea or face more time. The public defender argues that any threat of harsher sentencing after conviction is not a violative of due process.
Due process requires that a plea be entered voluntarily and intelligently. Boykin v. Alabama, 395 U.S. 238, 243 n. 5 (1969). "Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." Id. "The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from the plea agreement." Practice Book § 712. A guilty plea is not invalid because the defendant was motivated by desire to accept lesser penalty and avoid the possibility of higher penalties following conviction after trial. Brady v. United States, 397 U.S. 742, 751 (1970). Due process is not violated when the prosecutor threatens the defendant with the risk of more severe punishment in the course of plea negotiations. Bordenkircher v. Hayes, 434 U.S. 357, 364
(1978). Where the trial court makes an unambiguous finding that the plea was voluntary, after canvassing the defendant, due process has not been violated. Parker v. North Carolina, 397 U.S. 790,794 n. 3 (1970).
The record indicates that the petitioner was canvassed concerning his plea of nolo contendere.[2] Additionally, the court also found that the petitioner made a voluntary plea with the effective assistance of counsel.[3] Therefore, there is no evidence that the petitioner was threatened. Furthermore, even if the prosecutor threatened the petitioner with harsher sentencing following conviction because the prosecutor would seek a greater CT Page 6979 sentence, the petitioner's due process rights were not violated.Bordenkircher v. Hayes, supra, 434 U.S. 364; Brady v. UnitedStates, supra, 397 U.S. 751.
"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objectives is to penalize a person's reliance on his legal rights is `patently unconstitutional.' . . . But in the `give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." (Citations omitted.) Bordenkircher v. Hayes, supra, 434 U.S. 363.
Therefore, the petitioner's argument that he was threatened with the possibility of harsher sentencing after his conviction is a not a non-frivolous claim.
D. Selective Prosecution, Prosecutorial Misconduct andVindictiveness.
Lastly, the petitioner asserts that he was selectively prosecuted and subjected to prosecutorial misconduct and vindictiveness.
"A defendant claiming discriminatory prosecution must show (1) that others similarly situated have generally not been prosecuted and that he has been singled out and (2) that he is the victim of invidious discrimination based on impermissible considerations such as race, religion, or the exercise of a constitutionally protected right." State v. Delossantos,211 Conn. 258, 287 (1989). In determining whether a claim of prosecutorial misconduct merits relief, "[t]he relevant question is whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." (Internal quotations omitted.) Darden v. Wainwright,477 U.S. 168, 181 (1986).
Again, the petitioner has not offered any facts in support of his claims of prosecutorial misconduct, selective prosecution and vindictiveness. A review of the record reveals no actions by the prosecutor that would offend the standard set forth in Darden v.Wainwright, supra. Therefore, the petitioner's claim of prosecutorial misconduct is not a non-frivolous claim. CT Page 6980
III. CONCLUSION
The motion to withdraw, filed by petitioner's Habeas counsel, is GRANTED.
Further, the Court denies petitioner's request that new counsel be appointed.
Finally, since this Court is convinced that there are no non-frivolous issues to be tried in this case, the Habeas Corpus petition is dismissed. Practice Book § 529 U.
SO ORDERED,
HON. JONATHAN J. KAPLAN ADMINISTRATIVE JUDGE JUDICIAL DISTRICT OF TOLLAND