[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO WITHDRAW APPEARANCE BYPETITIONER'S APPELLATE COUNSEL
I. FACTS
The petitioner, Theodore Jackson, was charged with Attempted Murder, Assault in the First Degree and Conspiracy to Commit Assault in the First Degree by the State of Connecticut. During bond reduction hearing on March 6, 1991, the court (Damiani, J. found the Petitioner to be in contempt of court on three separate incidents. The court (Diamiani, J.) sentenced the petitioner on the contempt charges for ninety days, six months and six months for a total of fifteen months for the three charges.
During his trial, the petitioner was represented by Attorney Martin Zeldis. On April 10, 1991, the petitioner entered a plea of guilty under the Alford Doctrine to Attempted Murder in violation of Section 53a-49 (a)(2) and 53a-54a. The petitioner was sentenced on May 31, 1991, to a term of fourteen years to run consecutive to the fifteen month sentence on the contempt charges. CT Page 1968
On March 20, 1991, the petitioner filed a Writ of Error to the Supreme Court. The Writ was heard on January 14, 1992 and decided on March 31, 1992, affirming the three successive contempt findings. Jackson v. Bailey, 221 Conn. 498, 605 A.2d 1350 (1992). The petitioner was not entitled to Sentence Review and did not take an appeal of the conviction and sentencing.
On December 12, 1992, the petitioner filed a habeas petition in the Superior Court for the Judicial District of Tolland, at Rockville, alleging ineffective assistance of counsel. The habeas court (Bishop, J.) held a hearing on June 5, 1996, with the petitioner and Attorney Zeldis testifying. After testimony, the court dismissed the habeas petition in a decision from the bench finding that the petitioner failed to prove his claims.
The petitioner filed a timely Petition for Certification which was denied by the habeas court (Bishop, J.) on June 21, 1996. The petitioner's application for waiver of fees and appointment of appellate counsel was granted by the court (Hammer, J.) on July 5, 1996. The appeal was filed on July 17, 1996.
The petitioner's appointed counsel has concluded that there is no non frivolous argument in support of the petitioner's claim. Consequently, counsel has filed a motion and supporting memorandum to withdraw, dated December 6, 1996, requesting that the court allow the withdrawal of appearance of the petitioner's appointed counsel.
II. DISCUSSION
The right to appointed counsel is available only where there is a non frivolous claim. Anders v. California, 386 U.S. 738,744-45 (1967); State v. Pasucci, 161 Conn. 382, 385,288 A.2d 408 (1971); Practice Book section 952. "If [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California,
supra, 386 U.S. 744-45; State v. Pasucci, supra, 161 Conn. 385; Practice Book section 952. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . ." Anders v. California,
supra, 744-45; State v. Pasucci, supra, 385. The court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Anders v. California,
CT Page 1969 supra, 744-45; State v. Pasucci, supra, 386.
If the court finds any of the legal points arguable on the merits, and, therefore, not frivolous, the court must afford the indigent the assistance of counsel. Anders v. California, supra, 744; See also State v. Pasucci, supra, 387 (adopting Anders
requirements).
It is well established that habeas corpus cannot be used as an alternative to a direct appeal. Payne v. Robinson, 207 Conn. 565,569, 541 A.2d 504 (1988); Galland v. Bronson, 204 Conn. 330, 333,527 A.2d 1192 (1987); Smith v. Barbieri, 29 Conn. App. 817, 819,618 A.2d 567 (1993). "[H]abeas review of constitutional claims never raised in the trial court, in violation of [the] rules of practice, would thrust too great a burden on [the] criminal justice system." Johnson v. Commissioner, 218 Conn. 403, 417,589 A.2d 1214 (1991).
To determine the reviewability of habeas claims not properly pursued on direct appeal, Connecticut applies the cause and prejudice standard articulated in Wainwright v. Sykes, 433 U.S. 72
(1977). The cause and prejudice standard requires the petitioner to make a showing of cause for the defendant's failure to raise his claim at the proper time at trial or on direct appeal and to make a showing of actual prejudice. Jackson v. Commissioner ofCorrection, 227 Conn. 124, 131-32, 629 A.2d 413 (1993).
The petitioner's habeas claim asserted ineffective assistance of counsel. The right to counsel is the right to the effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771
n. 14 (1970). "The right to the effective assistance of counsel is firmly grounded in the mandates of the sixth amendment to the United States constitution, the fourteenth amendment to the United States constitution, and article first, section 8, of the Connecticut constitution. The right to counsel is the right to effective assistance of counsel. . . ." (Citations omitted.) Statev. Mason, 186 Conn. 574, 577, 442 A.2d 1335 (1982). The right to counsel, however, is the right to effective assistance and not the right to perfect representation. Commissioner of Correction v.Rodriguez, 222 Conn. 469, 478, 610 A.2d 631 (1992).
The Connecticut Supreme Court has adopted the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984) to evaluate ineffective assistance of counsel claims. Copas v.Commissioner of Correction, 234 Conn. 139, 154, 662 A.2d 718
CT Page 1970 (1995); Ostolaza v. Warden, 26 Conn. App. 758, 761, 603 A.2d 768
(1992).
The test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Strickland v. Washington,466 U.S. 668, 694 (1984); Phillips v. Warden, 220 Conn. 112, 132,595 A.2d 1356 (1992). "Unless a [petitioner] makes both showings, it cannot be said that the conviction. . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted). Fair v. Warden,211 Conn. 398, 402, 559 A.2d 1094 (1989) quoting Strickland v.Washington, supra, 466 U.S. 687.
The petitioner has the burden of identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland v. Washington,
supra, 690; Quintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964
(1991). The court must then determine, whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Stricklandv. Washington, supra, 690; Fair v. Warden, 211 Conn. 398,402-03, 559 A.2d 1094 (1989); State v. Talton, 197 Conn. 280,297, 97 A.2d 35 (1985). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[1] Strickland v. Washington, supra, 689;Quintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964 (1991).
At the habeas hearing, the petitioner had the burden to demonstrate what specific acts amounted to the ineffective assistance at the petitioner's hearing. The petitioner testified that his attorney could not contact several witnesses for the defense and had misinformed the petitioner about the result of his plea and how much time he would serve. (Transcript of Habeas Hearing, June 5, 1996, p. 6). At no time did the petitioner identify, by name, any of the witnesses that his attorney failed to find.
Attorney Zeldis testified that he had discussions with the petitioner explaining the implications of the contempt sentences and how they would relate to the sentence for attempted murder. Id., p. 14. Additionally, Zeldis explained his representation of CT Page 1971 the petitioner with regard to the contempt charges which included a Writ of Error to the Supreme Court. Id., 13-14. Zeldis also testified that it was the petitioner who approached him to accept the plea after the petitioner acted in contempt. Id., 16. He explained that at the time of the plea, he had developed a defense for the petitioner's case and was prepared for trial. Id., 16-17. Finally, Zeldis testified that he explained the implications and discussed the plea and sentence with the petitioner before the petitioner appeared in court. Id., 18-20.
With regard to the amount of time the petitioner was to serve under the plea arrangement, Attorney Zeldis testified that he explained to the petitioner what the date of his first parole hearing would be and that he should not be confident of receiving parole on the first time. Id., 22. Finally, Zeldis testified that he filed several pre-trial motions on the petitioner's behalf, including; a motion to suppress, a motion for a bill of particulars and a discovery motion. Id., 24.
The Court (Bishop, J.) held that the petitioner failed to meet his burden to identify the acts and omissions that were the mettle of the ineffective representation. Id., 35. The court indicated that the testimony of Attorney Zeldis was credible. Id. Additionally, the court found that the petitioner did not prove to the court that the he had entered his plea involuntarily. Id., 36. Therefore, the court denied the habeas petition and informed the petitioner of his right to petition for certification for appeal. Id., 37-38.
The Court (Bishop, J.) denied the petitioner's timely petition for certification. Petitioner's appointed counsel now argues that the threshold issue to be determined is that the habeas court abused its discretion in the denial.
The Connecticut courts apply the standard found in Lozada v.Deeds, 498 U.S. 430 (1991), to determine if a petitioner's appeal is non-frivolous and has established a clear abuse of discretion in the denial of a timely request for certification to appeal. Simmsv. Warden, 230 Conn. 608, 616, 646 A.2d 126 (1994). The criteria employed by the courts is that: "in order to obtain a certificate of probable cause to appeal, a habeas petitioner must make a substantial showing that he has been denied a federal constitutional right. . . . A petitioner satisfies that burden by demonstrating: that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different CT Page 1972 manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citations omitted; internal quotation marks omitted; emphasis in original.) Id. The Court thenheld, that on appeal a petitioner will establish a clear abuse of discretion if he can demonstrate the existence of one of the criteria from above. Id.
The petitioner, at his habeas hearing, failed to identify any of the witnesses that his counsel allegedly did not interview. Additionally, the petitioner alleged that his attorney mislead him regarding the amount of time the petitioner would actually serve under the proposed sentence. But upon questioning of the petitioner, it was revealed that the petitioner's true complaint was that his attorney did not advise the petitioner that he would have to behave in prison in order to accumulate "good time" and be released early. (Transcript, June 5, 1996, p. 26-27). The court found that the attorney's representation was adequate and that it was not reasonable to require trial counsel to anticipate his client's guilty plea and eventual misconduct in prison. Id., 36-37. The petitioner's case does not implicate any of the criteria found in Lozada and employed by the courts in Connecticut.
III. CONCLUSION
This Court finds that there are no nonfrivolous issues for appeal.
Accordingly, the motion to withdraw as counsel is granted.
BY THE COURT,
Hon. Jonathan J. Kaplan