[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO WITHDRAW APPEARANCE FILED BYSPECIAL PUBLIC DEFENDER
I. FACTS
The petitioner, John Robinson, was found guilty of the crime of Possession of Narcotics by a Non-drug Dependent Person in violation of General Statutes § 21a-278 (b), by a jury on October 2, 1986 (Ford, J., presiding). Trial counsel for the petitioner was Assistant Public Defender William Schipul. The petitioner was sentenced to twenty years for Possession of Narcotics, to be served concurrently with a seven year sentence for violation of probation.
The petitioner filed a petition for writ of habeas corpus on January 21, 1992, alleging ineffective assistance of counsel.
As a result of the petitioner's pro se petition, the court appointed a special public defender to represent the petitioner.[1] The special public defender has concluded that there are no non frivolous arguments in support of the petitioner's claims. Consequently, the special public defender has filed a motion and a supporting memorandum on December 20, 1996, requesting the court to withdraw the appearance of all public defenders. The special public defender also submitted a transcript of the trial proceedings to assist the court. Petitioner was notified and given an opportunity to respond. To date, Petitioner has not responded.
II. DISCUSSION
The right to appointed counsel is available only where there is a non-frivolous claim. See Anders v. California, 386 U.S. 738, CT Page 2919 744-45 (1967); State v. Pascucci, 161 Conn. 382, 385,288 A.2d 408 (1971); Practice Book § 952. "[I]f [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California,
supra, 386 U.S. 744; State v. Pascucci, supra, 161 Conn. 385; Practice Book § 952. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Anders v. California, supra,386 U.S. 744; State v. Pascucci, supra, 161 Conn. 385. "The court . . . then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."Anders v. California, supra, 386 U.S. 744. See also State v.Pascucci, supra, 161 Conn. 386.
"If [the court] finds any of the legal points arguable on their merits (and therefore not frivolous) [the court] must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Anders v. California, supra, 386 U.S. 744. See also State v. Pascucci, supra, 161 Conn. 387 (adopting Anders
requirements).
It is well established that habeas corpus cannot be used as an alternative to a direct appeal. Payne v. Robinson,207 Conn. 565, 569, 541 A.2d 504, cert. denied 488 U.S. 898 (1988); Gallandv. Bronson, 204 Conn. 330, 333, 527 A.2d 1192 (1987); Smith v.Barbieri, 29 Conn. App. 817, 819, 618 A.2d 567 (1993). "[H]abeas review of constitutional claims never raised in the trial court, in violation of [the] rules of practice, would thrust too great a burden on [the] criminal justice system." Johnson v.Commissioner, 218 Conn. 403, 417, 589 A.2d 1214 (1991).
To determine the reviewability of habeas claims not properly pursued on direct appeal, Connecticut applies the cause and prejudice standard articulated in Wainwright v. Sykes,433 U.S. 72 (1977). See Jackson v. Commissioner of Correction,227 Conn. 124, 131-32, 629 A.2d 413 (1993). The cause and prejudice standard requires the petitioner to make a showing of cause for the defendant's failure to raise his claim at the proper time at trial or on direct appeal and to make a showing of actual prejudice. See Jackson v. Commissioner of Correction, supra,227 Conn. 131-32.
The petitioner's habeas claim asserted ineffective assistance CT Page 2920 of counsel. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771
n. 14 (1970). "The right [to the effective assistance of counsel] is firmly grounded in the mandates of the sixth amendment to the United States constitution, the fourteenth amendment to the United States constitution, and article first, § 8, of the Connecticut constitution . . . The right to counsel . . . is the right to effective assistance and not the right to perfect representation." Johnson v. Commissioner, 36 Conn. App. 695, 701,652 A.2d 1050 (1995). See also Commissioner of Correction v.Rodriguez, 222 Conn. 469, 478, 610 A.2d 631 (1992) (explaining that effective assistance need not be error free).
The Connecticut Supreme Court has adopted the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668
(1984); to evaluate ineffective assistance of counsel claims.Copas v. Commissioner of Correction, 234 Conn. 139, 154,662 A.2d 718 (1995); Ostolaza v. Warden, 26 Conn. App. 758, 761,603 A.2d 768 (1992).
The Strickland v. Washington test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Strickland v. Washington, supra, 466 U.S. 694. "Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted). Fair v. Warden, 211 Conn. 398, 402,559 A.2d 1094, cert. denied 493 U.S. 981 (1989), quoting Strickland v.Washington, supra, 466 U.S. 687.
The petitioner has the burden of identifying "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland v. Washington,
supra, 466 U.S. 690. "The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. See also Fair v. Warden, supra, 211 Conn. 402-03 (discussing Strickland v. Washington standard); State v. Talton,197 Conn. 280, 297, 497 A.2d 35 (1985). "Judicial scrutiny of counsel's performance must be highly deferential . . . the reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional CT Page 2921 assistance."[2] (Internal quotation marks omitted.) Quintana v.Warden, 220 Conn. 1, 5, 593 A.2d 964 (1991), quoting Stricklandv. Washington, supra, 466 U.S. 689.
The state's expert witness was Dr. Joel Milzoff, a toxicologist employed by the Connecticut Department of Health Services. During his testimony, Dr. Milzoff refreshed his recollection with a report that he wrote; this report was not admitted into evidence as a full exhibit. This report was based on chemical tests performed by "Carol Haskle," an analyst under Dr. Milzoff's supervision, to ascertain the presence of narcotics.[3] The petitioner alleges that the actual laboratory tests in the report were signed by an analyst named "Carol Hasset." The petitioner argues that this name discrepancy entitles him to a new trial. The special public defender and an associate in his office interviewed the petitioner for clarification of his allegations of ineffective assistance of counsel at which time the petitioner indicated that the crux of his argument was the inconsistency of names used in the report and in the testimony.
The special public defender has met his burden of demonstrating that no non-frivolous issues exist in the present case. The trial transcript indicates that Dr. Milzoff supervised Carol Haskle for the fourteen years prior to his testimony in this case. (See transcript, p. 27.) The special public defender also interviewed Dr. Milzoff in December 1996 to discover whether the Haskle/Hasset confusion was the result of mere typographical error. Dr. Milzoff confirmed that the "Carol Haskle" to which he made reference in his trial testimony is the same "Carol Hasset" who signed the toxicology report. (See Memorandum in Support of Motion to Withdraw, pp. 9-10.) The special public defender also notes that trial counsel was successful in keeping the report from being admitted at trial.
The Court finds that name discrepancy neither demonstrates deficient performance on the part of trial counsel, nor does the alleged error appear to have prejudiced the petitioner in any way.
III. CONCLUSION
The Court finds there are no non-frivolous issues to support the petitioner's claim of ineffective assistance of counsel. CT Page 2922
Therefore, the Special Public Defender's Motion to Withdraw is GRANTED.
Since petitioner's writ totally lacks any merit, it isDISMISSED, pursuant to § 529U of the Connecticut Practice Book.
BY THE COURT, Hon. Jonathan J. Kaplan